HERBERT NICHOLSON, Defendant in Error, *vs.* BERNHARD LOEFF, Plaintiff in Error.

*Opinion filed February 23, 1912—Rehearing denied April 5, 1912.*

1. RECORD—*record of a court imports absolute verity.* The record of a court imports absolute verity, and cannot be contradicted or amended except by other matter of record made by or under the authority of the court.

2. APPEALS AND ERRORS—*when question of abbreviated docket entry cannot be raised.* The question of the validity of an abbreviated docket entry of a judgment cannot be raised, where, so far as appears from the transcript, the judgment was, on the day it was rendered, written out in full.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

P. L. O'MEARA, (WILLIAM H. SEXTON, and J. KENT GREENE, of counsel,) for defendant in error.

HIRAM T. GILBERT, as *amicus curiæ*.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Defendant in error, Herbert Nicholson, began an action September 2, 1909, against the plaintiff in error, Bernhard Loeff, as surety on an appeal bond. After a trial in the municipal court judgment was entered against plaintiff in error April 30, 1910. This writ of error is sued out on

the ground that section 62 of the Municipal Court act is unconstitutional.

Plaintiff in error argues that the provision of said section which permits abbreviated forms of entries of orders is unconstitutional and void, being in contravention of section 18 of the schedule of the constitution of 1870.

A final judgment written out in full is found in the record. This is apparently an expansion of the abbreviated judgment entry found therein. So far as the transcript shows, it was written out April 30, 1910. It is in conformity with well known and established forms for entering orders in actions on bonds. The bill of exceptions found in the transcript sets forth that on June 14, 1911, plaintiff in error moved to quash the execution, and evidence was introduced showing an abbreviated docket entry of April 30, 1910, and other entries not here involved. The court overruled this motion to quash, but it is not shown in this bill of exceptions that it then ordered the complete record written up or that said abbreviated docket entry of April 30, 1910, was the only docket entry or final judgment order in said cause. There is nothing in the abbreviated docket entry to contradict or impeach the complete judgment order.

The general rule is that the record of a court imports absolute verity, and cannot be contradicted or amended except by other matter of record made by or under the authority of the court. (1 Black on Judgments, secs. 135, 165; *Coughran* v. *Gutcheus,* 18 Ill. 390; *Metzger* v. *Morley,* 197 id. 208.) As the transcript in this cause shows that the final judgment was, on the day it was rendered, written out in conformity with established rules of practice, the question of the abbreviated docket entry cannot be here raised.

The judgment of the municipal court will be affirmed.

*Judgment affirmed.*