THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JOHN KROLL, Plaintiff in Error.

*Opinion filed October 28, 1913.*

1. CRIMINAL LAW—*failure to move to quash indictment waives all objections to grand jury.* Failure to make a motion to quash the indictment is a waiver of all objections to the grand jury.

2. SAME—*fact that thousand names were in the grand jury box need not affirmatively appear.* The fact that one thousand names were in the grand jury box when the grand jury was drawn, as required by statute, need not affirmatively appear, as it will be so presumed in the absence of evidence to the contrary.

3. SAME—*a verdict of guilty of rape is not responsive to issue where assault with intent to commit rape is charged.* Where the charge in an indictment is assault with intent to commit rape, a verdict finding the defendant "guilty of rape, as charged in the indictment," is not responsive to the issue, and is erroneous in finding defendant guilty of a crime with which he is not charged.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding.

JAMES C. O'BRIEN, for plaintiff in error.

P. J. LUCEY, Attorney General, and MACLAY HOYNE, State's Attorney, (ZACH HOFHEIMER, and GEORGE P. RAMSEY, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was indicted for an assault with intent to commit rape, and upon a second trial the jury found him guilty of rape, fixing his punishment at imprisonment in the penitentiary for three years. The court overruled his motion for a new trial, sentenced him in accordance with the verdict, and he has already served more than half of his term.

There is no bill of exceptions in the record. No motion was made to quash the indictment, but it is insisted

that it was error for the court to receive or act upon the indictment because the grand jury was not legally constituted. Only fourteen grand jurors appeared and the court ordered fifty names drawn. This was done, the panel was filled and the grand jury was organized. The objection of the plaintiff in error is based upon the fact that it does not affirmatively appear that at the time the fifty names were drawn there were a thousand names in the grand jury box, as required by section 29 of chapter 78 of Hurd's Statutes. This was not necessary. It will be presumed in the absence of evidence to the contrary. If the indictment was not found by a legal grand jury the plaintiff in error should have moved to quash it, and his failure to do so waived all objections to the grand jury. *People* v. *McCauley,* 256 Ill. 504; *Berkenfield* v. *People,* 191 id. 272; *Hagenow* v. *People,* 188 id. 545.

The verdict found the defendant "guilty of rape in manner and form as charged in the indictment." Since the defendant was not charged with rape in the indictment the verdict was not responsive to the issue. Rape is the carnal knowledge of a female forcibly and against her will, but every male person of the age of seventeen years and upwards who shall have carnal knowledge of any female person under the age of sixteen years and not his wife, either with or without her consent, shall be adjudged to be guilty of the crime of rape. The indictment charged that the defendant, "being a male person of the age of sixteen years and upwards, did unlawfully and feloniously make an assault upon one Anna Metke, then and there being a female, with intent then and there feloniously and forcibly to ravish and carnally know the said Anna Metke against her will." He could be convicted only upon proof of an assault upon Anna Metke with intent to have carnal knowledge of her forcibly and against her will, but not upon proof of an assault upon her with intent to have carnal knowledge of her with her consent. A conviction of

259 − 38

rape can be had upon proof of carnal knowledge of a female forcibly and against her will, or with her consent if she is under the age of sixteen years. Whether the jury found defendant guilty in the one way or the other does not appear. The finding of "guilty of rape as charged in the indictment" does not indicate, since he is not charged in the indictment with rape in any way. The verdict of the jury may have been based upon proof that the defendant had carnal knowledge of Anna Metke with her consent and that he was over seventeen years old and she was under sixteen. If it was, then he was not guilty of an assault with intent to commit rape upon her forcibly and against her will. The plaintiff in error was erroneously convicted of a crime with which he was not charged.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*