(No. 14548.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. ALEX FULIMON, Plaintiff in Error.

*Opinion filed April 18, 1923.*

1. CRIMINAL LAW—*record must show the plea of guilty was explained.* Section 4 of division 13 of the Criminal Code provides that the plea of guilty cannot be entered until the defendant has been fully advised by the court of his rights and the consequences of his plea, and the record must show that the statute was complied with and that the defendant, after being so advised, persisted in his plea.

2. SAME—*record cannot be contradicted by evidence.* Where the record of a plea of guilty shows that the statute was complied with and that the plea was entered only after the court had fully explained to the accused the consequences of his plea it is of no avail for the defendant to offer evidence to contradict such record, and it cannot be contradicted or amended except by other matter of record made by or under the authority of court.

3. SAME—*correct procedure where record does not speak the truth.* Where the only memorandum kept as the record of a criminal proceeding, and which purports to show all that occurred, does not show that the court explained to the defendant the consequences of his plea of guilty, the court should, on defendant's motion to correct the record, expunge from the amplified record a statement, copied from a form book, that the defendant was advised as to the consequences of his plea and persisted therein.

THOMPSON, C. J., and DUNN, J., dissenting.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding.

A. L. GETTYS, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On September 24, 1919, Alex Fulimon, plaintiff in error, pleaded guilty in the municipal court of Chicago to an information charging him with contributing to the delinquency of Annie Kasaitis, a girl ten years of age, and he was sentenced to the house of correction for one year and to pay a fine of $200. The record as written by the clerk recited that the defendant, being duly advised as to his rights by the court, waived his right to a trial by jury and being arraigned pleaded guilty in manner and form as charged in the information, and that the defendant, being duly advised by the court as to the effect and consequence of said plea, the defendant still persisted therein, and the court ordered said plea to be accepted and judgment was entered on the plea. On November 15, 1919, the plaintiff in error moved the court, then presided over by the chief justice, to expunge from the record these words: "Said defendant being duly advised by court as to the effect and consequence of said plea and said defendant still persists therein." The motion was overruled and the Appellate Court for the First District affirmed the judgment. A writ of error was sued out of this court for a review of the judgment of the Appellate Court.

On the hearing before the chief justice, Charles M. Krimbill testified that he was one of the clerks in the municipal court of the city of Chicago and had charge of the criminal department in the clerk's office for said court; that he had been there for twelve years and knew the methods followed in the criminal department in making up the records of criminal cases, and that the record was made up from what he called a "half-sheet," which was a memorandum of the proceedings and orders in the prosecution of the plaintiff in error. The memorandum of orders entered is as follows: "Leave to Bessie Moteke to file information.

Court takes jurisdiction of defendant in court on information filed. Defendant waives jury trial. Defendant arraigned. Plea, guilty. Judgment on plea defendant guilty of contributing to the delinquency of children. Defendant sentenced to house of correction for term of one year and fined two hundred dollars ($200) and costs taxed at $6.50, and to stand committed thereafter in house of correction until fine and costs paid or worked out at $1.50 per day." There was no other note, memorandum or matter of record made or entered purporting to state any other or further part or portion of the proceeding. It appeared that there was a book containing amplified forms which was used for making up records, and the record in this case was written from the half-sheet, and the portion which the plaintiff in error asked to have expunged was copied from that book.

Section 4 of division 13 of the Criminal Code provides that in cases where the party pleads guilty, such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea, after which, if the party persists in pleading guilty, such plea shall be received and recorded and the court shall proceed to render judgment. The plea can only be entered after the defendant has been fully advised by the court of his rights and the consequences of his plea. (*Krolage* v. *People,* 224 Ill. 456.) The record must show that the statute was complied with and that a plea of guilty was entered only after the court had fully explained to the accused the consequences of entering his plea and after the accused had persisted in pleading guilty. In this case the record showed that the statute was complied with, and the record imported absolute verity and could not be contradicted or amended except by other matter of record made by or under the authority of the court. (*Nicholson* v. *Loeff,* 253 Ill. 526.) The record as written would prevail over any evidence of the plaintiff in error that he was not duly advised of the consequences of his plea, (*Gillespie* v. *People,* 176 Ill. 238,)

and it would have been useless for him to offer such evidence. The only way open to him was to ask the court to correct the record so that it should speak the truth, and this was done by evidence that the memorandum kept at the time did not show the required fact and that the record was written from that memorandum. A record may be amended or a defect supplied by some note or memorandum kept by the judge or under his authority, and in this case there was a memorandum kept by the clerk which purported to show everything done by the court and defendant and it did not show an essential fact. The absence of any note or memorandum of what occurred would not be sufficient to amend the record, but if a memorandum on its face purports to show all that occurred, the absence of a material fact is evidence it did not occur. The omission from the memorandum was not supplied by any other matter of record, but the record as written followed the amplified form of the form book. It was not justified by the memorandum kept by the clerk, at the time of the proceeding, of what actually took place, and the court should have expunged from the record the statement that the defendant was duly advised or admonished by the court of the consequences of entering his plea.

There was another indictment in which the record was the same and the same proceedings were had. The records were taken to the Appellate Court and being identical the causes were consolidated by that court. The judgment of the Appellate Court in the consolidated cause is under review here, and that judgment and the judgments of the municipal court will be reversed.

The judgment of the municipal court refusing to correct the record, and the judgment of the Appellate Court affirming the same, are reversed and the cause is remanded to the municipal court.

*Reversed and remanded.*

THOMPSON, C. J., and DUNN, J., dissenting.