# The People of the State of Illinois, Defendant in Error, v. Steve Dragowski, Plaintiff in Error.

## Gen. No. 31,169.

1. CRIMINAL PROCEDURE—*when defendant waives arrest without warrant.* A defendant who submits himself to the jurisdiction of the court, pleads to a charge against him and submits to trial, thereby waives his right to proper process to bring him before the court.

2. CRIMINAL PROCEDURE—*waiver of trial by jury not required to be in writing.* In view of the invalidity of the statute of 1893 requiring that a waiver of a trial by jury be in writing, a conviction of petit larceny will not be reversed on writ of error upon the ground that the defendant was tried without a jury when he did not in writing waive his right to a jury.

3. CRIMINAL PROCEDURE—*when conviction not reversed on ground defendant not represented by counsel.* A conviction of petit larceny will not be reversed on writ of error upon the ground that defendant was not represented by counsel where the record states that he was so represented, and the record contained nothing to indicate that he was not.

4. COURTS—*presumptive verity of record.* The record of the court imports absolute verity, and cannot be contradicted or amended except by other matters of record made by or under the authority of the court.

5. CRIMINAL PROCEDURE—*omission of recital in short form judgment of municipal court as basis for amendment of final judgment.* Where on conviction of a defendant in municipal court of an offense judgment was entered in the short form authorized by section 62 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 455, the fact that such judgment contained no recital as to whether defendant was represented by counsel does not warrant correction of the final amplified form of such judgment so as to show that he was not so represented.

6. CRIMINAL PROCEDURE—*effect of omission from judgment of recital as to representation of defendant by counsel.* It is not necessary to the validity of a judgment of conviction of an offense that the judgment contain a recital that the defendant was represented by counsel.

Error by defendant to the Municipal Court of Chicago; the Hon. ALFAR M. EBERHARDT, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Affirmed. Opinion filed February 1, 1927.

People v. Dragowski, 243 Ill. App. 216.

Z. H. KADOW and A. L. GETTYS, for plaintiff in error.

ROBERT E. CROWE, State's Attorney, EDWARD E. WILSON and CLARENCE E. NELSON, Assistant State's Attorneys, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff in error was tried, convicted and sentenced in the municipal court for the offense of petit larceny.

The alleged errors relied on for reversal are that (1) he was arrested without a warrant; (2) tried without a jury or waiver thereof in writing; and (3) did not have and was not furnished counsel by the court, and (4) refusal of the court to amend the record.

As to the first point, inasmuch as it appears from the transcript of the record that defendant submitted himself to the jurisdiction of the court and pleaded to the charge and went to trial, he waived the right to proper process to bring him before the court.

As to the second point, it was unnecessary that the waiver of the trial by jury should be in writing. The statute of 1893 which so required has been declared unconstitutional in that respect. (*Sturges & Burn Mfg. Co. v. Pastel,* 301 Ill. 253.)

As to the third contention, the record, which imports verity, states that defendant was represented by counsel, and there is nothing in the record to indicate that he was not.

The fourth alleged error is predicated on the denial of plaintiff in error's motion to amend the record by striking out the recital therein that defendant was represented by counsel. It was the theory of his counsel that inasmuch as the abbreviated form of the judgment, as provided for by section 62 of the Municipal Court Act [Cahill's St. ch. 37, ¶ 455], contains no statement or recital on that subject, the recital in the amplified form does not speak the truth and may be cor-

rected from the fact of its absence in the abbreviated entry. Only the judgment in such amplified form—a form generally adopted in all courts—is set out in the clerk's transcript. The abbreviated forms of entries made in the case, which are much in the form of docket entries, are shown in a so-called "half sheet," introduced as evidence in support of the motion.

While said section provides for entries of orders and judgments in an abbreviated form in the first instance it also contemplates a final entry thereof in an amplified form as the true judgment of the court. That is the form in which it is certified, and hence we must accept its recitals as correct and speaking the truth. It is apparently an expansion of the abbreviated judgment entry, and the only one to be considered. (*Nicholson v. Loeff*, 253 Ill. 526.) As said in the cited case: "The general rule is that the record of a court imports absolute verity, and cannot be contradicted or amended except by other matter of record made by or under the authority of the court." There is in this record no other matter of record upon which to base the amendment as asked for. The bill of exceptions does not preserve the trial proceedings, but merely the proceedings on this motion which was made several months after judgment. It is only as evidence to support the motion, and not as a part of the clerk's transcript, that the "half sheet" showing abbreviated entries in the case appears.

But the right to amendment is not predicated upon any affirmative showing of the record that defendant was not represented by counsel, but merely upon absence of any mention of it in the abbreviated form of judgment. But such omission has no significance. Were the sufficiency of the judgment to be tested by the abbreviated entry or form it would be found to omit many essential requisites. But it in no respect impeaches the complete judgment order. (*Nicholson v. Loeff*, 253 Ill. 526.)

But regardless of all other questions such a recital is not essential to the validity of a judgment. No statute or law is pointed out which requires it. It is not a jurisdictional fact. To be sure, the statute requires, in accordance with previous practice, that every person charged with crime shall be allowed counsel, and that when he is unable to procure counsel the court will assign him counsel. Error may be assigned for any abuse of this right, but there is no basis in the record for assignment of any such error. For aught that appears to the contrary he had counsel. The question here is whether there is anything on the face of the record to justify the amendment asked for, and nothing is relied on except the omission from the abbreviated form above stated. To hold therefrom that defendant was not in fact represented by counsel, and that the recital to the contrary in the judgment order certified as such to us, does not speak the truth, would be to contradict the record, and disregard the general rule above stated as to its verity.

*Affirmed.*

GRIDLEY, P. J., and FITCH, J., concur.