**The People of the State of Illinois, Defendant in Error, v. Anna Uschold, Plaintiff in Error.**

**Gen. No. 34,038.**

Opinion filed April 28, 1930.

EUGENE McCAFFREY, for plaintiff in error.

JOHN A. SWANSON, State's Attorney, for defendant in error; EDWARD E. WILSON and JOHN HOLMAN, Assistant State's Attorneys, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error Anna Uschold seeks to reverse a judgment of the municipal court of Chicago by

which she was sentenced to confinement in the House of Correction for a period of 30 days.

On November 23, 1929, an information was filed against the defendant charging her with the stealing of certain personal property. The record discloses that on December 3, the matter came on for hearing, the defendant appearing in her own proper person as well as by counsel; that she was arraigned and pleaded guilty of "larceny of property of the value of twelve dollars and twenty cents ($12.20)" in manner and form as charged in the information. The record then continues: "And the court having fully explained to said defendant the consequences of entering such plea, and the said defendant still persisting in pleading guilty as aforesaid, it is ordered that said plea and the same is hereby received and recorded, and the court examines witnesses as to the aggravation and mitigation of said offense.

"The State's Attorney now here moves the court for final judgment on the plea of guilty herein, said people being represented here by the State's Attorney and said defendant being present in her own proper person as well as represented by counsel, and not saying anything further why the judgment of the court should not now be pronounced against her on the plea of guilty entered in this cause, the court finds that it has jurisdiction of the subject-matter of this cause and of the parties hereto, and it is considered and adjudged by the court that said defendant is guilty," etc. The record then shows that the court sentenced the defendant to the House of Correction for 30 days and imposed a fine of one dollar. Fifteen days thereafter, December 18, 1929, the chief justice of the municipal court then presiding, entered the following order: "It is hereby ordered that the words 'and the said defendant still persisting in pleading guilty as aforesaid,' be stricken from the record."

In this court the State's Attorney contends that since the defendant was sentenced on December 3, on which date the *mittimus* was issued, and the defendant was then taken to the House of Correction where she commenced the service of her sentence, the court lost jurisdiction and the order entered on December 18 was entirely void for want of jurisdiction. We think this contention is unsound. The court may, at any time, upon proper showing, correct the record so that it will speak the truth. If the correction is made after the term has expired at which the judgment was entered or after 30 days have elapsed, if the cause is one heard in the municipal court of Chicago, there must be preserved in the record some minute or memorial paper to warrant the correction; *People v. Petrie,* 294 Ill. 366; *People v. Fulimon,* 308 Ill. 235; but where, as in the instant case, the amendment is made before 30 days have elapsed after the entry of the judgment, the record may be corrected to speak the truth without any minute or memorial paper, because during the period of 30 days the record, in legal contemplation, is still in the breast of the court. *Cook v. Wood,* 24 Ill. 295. The fact that the defendant had commenced the service of her sentence before the order correcting the record was made, we think is immaterial. The order correcting the record did not purport to interfere with the judgment of the municipal court, which obviously could not be done. *People v. Turney,* 273 Ill. 546. We therefore hold that the amendment was properly made.

The defendant contends that since the record as amended fails to show that after she entered a plea of guilty to the charge made in the information, and after the court had fully explained to her the consequences of the entry of such plea, it fails to show that she persisted in such plea, the judgment is wrong and should be reversed because it is not in accordance

with the provisions of the statute, ch. 38, par. 756, sec. 4, Division XIII, Cahill's 1929 Statutes. That section is as follows: "In cases where the party pleads 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persist in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury. In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine the witnesses as to the aggravation and mitigation of the offense."

It has been repeatedly held that a judgment of conviction on the plea of guilty cannot be sustained where the record contains no reference to the fact that the court explained to the defendant the consequences of such plea. *People v. Petrie, supra; Krolage v. People,* 224 Ill. 456; *People v. Fulimon, supra.* But no case has been cited, and we have been unable to find any, where a judgment of conviction has been reversed, where it appeared from the record that after a defendant had entered a plea of guilty and the consequences of such plea had been fully explained by the court, on the ground that the record failed to state that the party persisted in such plea. But whether a judgment of conviction will be reversed because the record fails to disclose that the defendant persisted in his plea of guilty, we do not decide, because we are of the opinion that in the instant case, even with the record corrected, it sufficiently appears that the defendant did persist in her plea of guilty after she was fully advised of the consequences of her plea. For it appears from the judgment entered that after the defendant had entered a plea of guilty to the information, the court fully explained to her the consequences of such plea

and it was then ordered that the plea be entered of record. The court then examined witnesses as to the aggravation and mitigation of the offense and thereupon the State's Attorney moved for judgment on the plea of guilty and the record recites, "and said defendant being present in her own proper person as well as represented by counsel, and not saying anything further why the judgment of the court should not now be pronounced against her on the plea of guilty entered in this cause," etc. We think it clear from the record that the defendant, as a matter of fact, persisted in her plea of guilty after she was advised by the court of the consequences of her plea. To comply with the statute it is obvious no particular words are required. It is only necessary that the intention of the legislature be carried out. And while it would be more accurate to show specifically that a defendant had persisted in his plea of guilty before the plea was entered of record, yet, in our opinion, this is not required where, upon the whole record, it appears that the defendant did, in fact, persist in his plea of guilty after he had been advised by the court of the consequences of entering such plea.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.