The People of the State of Illinois, Defendant in Error,
v. Frederick Spies, Plaintiff in Error.

Gen. No. 34,537.

Heard in the first division of this
court for the first district at the October term, 1930. ▮▮▮ Opinion
filed December 22, 1930. Rehearing denied January 5, 1931.

JAY J. McCARTHY and EUGENE McCAFFREY, for plaintiff in error.

JOHN A. SWANSON, State's Attorney, for defendant in error; HENRY T. CHACE, JR., EDW. E. WILSON and OTHO S. FASIG, Assistant State's Attorneys, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On June 16, 1930, an information was filed charging that the defendant, Frederick Spies, stole one dress of the value of $14.60 from the Davis Company. The defendant was taken into custody on that day and the cause was set for trial four days later, June 20. The matter then came on for hearing and the defendant entered a plea of guilty to the information. The court heard the evidence as to the aggravation and mitiga-

tion of the offense, found the defendant guilty of larceny and fixed the value of the property at $14.60 on the defendant's plea of guilty. He was sentenced to confinement in the county jail for one year.

On July 7 following, counsel representing the defendant appeared before the chief justice of the municipal court and asked leave to file a motion to vacate the judgment. Leave to file the motion was allowed and after hearing the motion was denied.

The record of the judgment entered by the municipal court shows that on June 20 the defendant was arraigned and ''says that he is guilty in manner and form as charged in said information, and the court having fully explained to said defendant the consequences of entering such plea, and the said defendant still persisting in pleading guilty as aforesaid, it is ordered that said plea be and the same hereby is received and recorded.''

The contention of defendant was that the record above quoted was not warranted by the entries made on the ''half sheet.'' And the motion was that the record be corrected to speak the truth. The entry of the ''half sheet'' is as follows: ''Defendant arraigned, warned and still persisting, plea, guilty.'' We think the court properly denied the motion of the defendant because the record as written up by the clerk followed the minutes of the order on the ''half sheet.'' The minute of the order shows that the defendant was arraigned, warned of the consequences of his plea of guilty and that he still persisted in pleading guilty and the plea was therefore entered of record.

This case is not at all similar to the case of *People v. Fulimon,* 308 Ill. 235, where a similar motion was made. There the half sheet contained the following minute: ''Leave to Bessie Moteke to file information. Court takes jurisdiction of defendant in court on information filed. Defendant waives jury trial. De-

fendant arraigned. Plea, guilty. Judgment on plea defendant guilty." It is obvious that the minute made by the clerk in that case is entirely different from the minute in the record before us. In the *Fulimon* case there was no minute made by the clerk that the defendant was warned or persisted in his plea of guilty.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.