(No. 23081

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAM CHANDLER, Plaintiff in Error.

*Opinion filed October 24, 1935.*

MICHAEL SULLIVAN, and MEYER & MEYER, for plaintiff in error.

OTTO KERNER, Attorney General, LOUIS P. ZERWECK, State's Attorney, and A. B. DENNIS, for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, in the city court of East St. Louis, entered a plea of guilty to the crime of larceny. He was charged by indictment with burglary of the store of the complaining witness and larceny of merchandise of the value of $40. When arraigned, the court appointed one Joseph Sullivan, an attorney, to defend him. On February 25, 1935, the case was called for trial. The record shows that plaintiff in error and his counsel were in open court, and that plaintiff in error asked leave to withdraw his plea of not guilty to burglary and larceny and enter a plea of guilty to larceny. The record also shows that the State consented to a plea of guilty to larceny, that the court fully explained the consequences of such a plea, and that the defendant persisted therein. The court thereupon found him guilty of larceny and sentenced him to from one to ten years in the penitentiary. On March 21 following, plaintiff in error procured other counsel, who filed a motion to be permitted to withdraw the plea of guilty to larceny and to re-enter a plea of not guilty. Affidavits were filed in support of this motion. On consideration thereof the court denied the same. The correctness of this ruling is the only question presented here.

In support of his motion plaintiff in error filed the affidavits of his father, Clarence Chandler, Alex Huff, Clara Bell and Amelia and Augusta Chandler, relatives of plaintiff in error, and his own affidavit. There is also an affi-

davit, on information and belief, of F. D. Meyer, one of his later attorneys, as to what plaintiff in error told him concerning the matter of his plea of guilty, which calls for no consideration. The affidavits of Clarence Chandler and Alex Huff are almost identical, and are to the effect that, together with Joe Sullivan, the attorney appointed for plaintiff in error, they went to the Metropolitan building, in East St. Louis, where an assistant State's attorney had his office, and that Sullivan told them to remain in the lobby while he went to see the assistant State's attorney, and that he returned shortly and told them that everything was taken care of, and that plaintiff in error, if he would enter a plea of guilty to larceny, would receive a sentence of not more than one year in the county jail or the State Penal Farm at Vandalia. The affidavits of Clara Bell, Amelia and Augusta Chandler are to the effect that the attorney appointed for Sam Chandler called at their residence a day or two before the plea of guilty was entered and said in their presence that if plaintiff in error would enter a plea of guilty to larceny he would receive a sentence of not more than one year in the county jail or the State Penal Farm. Plaintiff in error's affidavit is to the same effect. We are not afforded a statement of Joe Sullivan, the then attorney for plaintiff in error, as his affidavit does not appear with the motion for continuance.

The statute requires that before a plea of guilty is entered the court shall admonish the defendant as to the effect of such a plea and the consequences thereof. Where such is done, later withdrawal of the plea of guilty is a matter resting within the sound discretion of the trial court. (*People* v. *Johnson,* 345 Ill. 352; *People* v. *Ensor,* 319 id. 255; *People* v. *Jones,* 308 id. 125.) Where a defendant seeks a reversal of a judgment of conviction the burden rests upon him to show the illegality of the proceedings which resulted in the judgment against him or that his plea was entered through a misapprehension as to

what he was doing. The fact that he received a more severe punishment than he expected is not ground for setting aside a judgment against him, entered on his plea, where there has been no promise on the part of the People of a lighter sentence. Whether the court should allow withdrawal of a plea of guilty on the ground that counsel for the accused misled him, where such fact is proved, must necessarily rest in the sound discretion of the trial court. Certainly it would seem that the accused should show clearly that he was so misled. The record imports validity, and presumptions of its correctness are indulged in the absence of proof showing it not correct. *People* v. *Throop,* 359 Ill. 354.

In reviewing the action of the court denying the right to withdraw a plea of guilty this court has uniformly adhered to the rule which vests that matter in the sound discretion of the court, and if it appears the court has abused its discretion the judgment will be reversed, but if the plea is understandingly made, the court may, in the exercise of sound discretion, refuse permission to withdraw it. *People* v. *Stamatides,* 297 Ill. 582; *People* v. *Archambault,* 295 id. 266.

It is evident that some arrangement was made with the State's attorney or assistant State's attorney by which the plaintiff in error was permitted to enter a plea of guilty to larceny rather than stand trial on the charge of burglary and larceny. The only evidence that the plaintiff in error was misled is the affidavit of himself and those of others than his own attorney, filed a month after sentence was entered against him. These affidavits go only to alleged statements made by his then attorney. There is nothing in these affidavits, other than that of plaintiff in error, to indicate that such statements were made by plaintiff in error's attorney to him. The only evidence as to his having been misled by statements made to him is his own affidavit. The trial court may have understood, though we do not see,

why the affidavit of plaintiff in error's trial attorney was not procured or inability to procure it explained. It is not denied that the court fully explained the consequences of a plea of guilty to grand larceny. Certainly he could not have been told by the court that his plea would result in confinement in the county jail or on the penal farm. Such is not the law, and plaintiff in error's counsel do not contend that he was so advised by the court. He must, therefore, have been advised when the plea was entered that he would be confined in the penitentiary, yet he raised no protest for nearly a month, when new counsel appeared for him. In this condition of the record we are unable to say that the trial court abused its discretion vested in it in denying leave to withdraw the plea, and its judgment is affirmed.

*Judgment affirmed.*