(No. 28676.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTHONY WILKE, Plaintiff in Error.

*Opinion filed May 23, 1945—Rehearing denied September 17, 1945.*

ANTHONY WILKE, *pro se.*

GEORGE F. BARRETT, Attorney General, and MAX A. WESTON, State's Attorney, of Rockford, (HAROLD H. PAHLAS, of Rockford, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Anthony Wilke, was indicted by the grand jury of Winnebago county at the October term of court, 1937, for the crimes of burglary and larceny, and upon a plea of guilty was sentenced to the penitentiary for not less than one year nor more than his natural life, subject to the provisions of the Parole Act. He brings the case to this court by writ of error, assigning error on the common-law record.

The first point made by plaintiff in error is that the grand jury which indicted him did not consist of twenty-three qualified persons who acted under oath. The record shows that, upon the calling of the grand jury, two of the jurors were excused by the court and two additional jurors were selected under the order of the court to complete the venire, and the grand jury was thereupon sworn as prescribed by statute. The record shows that later in the term one other grand juror was excused and another person's name presented in his place by the sheriff, and the grand jury was then instructed by the court to retire and deliberate upon such business as came before it. Plaintiff in error contends that because it does not appear that the last person presented by the sheriff was sworn as a grand juror therefore the requisite number were not present. The statute provides sixteen persons shall constitute a legal grand jury, and we have held that the mere fact one grand juror was excused and less than twenty-three were present, provided there were sixteen or more, does not make a grand jury illegal. (*Gillespie* v. *People,* 176 Ill. 238.) While the record fails to show that the additional grand juror was sworn, neither is there any showing by plaintiff in error that he was not sworn. The court observed its duty in swearing the grand jury as originally constituted, and also the two additional ones to replace absentees. In this state of the record, when it appears that, later, another

grand juror was excused and another appointed to take his place, in the absence of a showing to the contrary, it will be presumed the court qualified the additional juror before he was allowed to participate in the jury's deliberations.

Plaintiff in error also contends that the court erred in accepting his plea of guilty because it did not explain the consequences of entering such a plea, as required by statute. The record shows the matter was before the court upon a motion to quash, and after the motion to quash had been overruled by the court, the following occurred: "And now the court explains fully to said defendant the meaning and effect of an entry of a plea of guilty. After such explanation said defendant files a written waiver of trial by jury and enters a plea of guilty to the charge in the indictment." The contention is the defendant must first indicate he is going to plead guilty, and that thereupon the court must advise and admonish him of the effect of such a plea of guilty, after which, if he persists, he may be sentenced. He cites the case of *People* v. *Throop,* 359 Ill. 354, as authority for this contention. This case does not so hold. What it does hold is that the plea of guilty shall not be entered until the court has fully explained the consequences of such a plea, and the phrase "such a plea shall not be entered" has reference to the actual entering of the plea by the clerk by writing the same in the record. It is obvious that if a matter was entered in the records it would be a complete ending, by a formal judgment, of the matter before the court.

In the present case, the record is silent as to what occurred immediately prior to his being admonished, but it is clear nothing was entered in the record; and likewise it appears the defendant was fully advised as to the effect and meaning of a plea of guilty before such a plea was made and placed upon the record. The jury waiver signed by plaintiff in error, which was before the court, recites that "he is waiving a jury and enters a plea of guilty,"

which, instead of rebutting, would sustain the presumption that the court had performed its duty. It was not until after all of the matters above recited were done that the plea of guilty by plaintiff in error was entered upon the records of the circuit court of Winnebago county.

The object of the statute is to inform the defendant of the consequences of the plea of guilty, and to give him the right to withdraw the plea of guilty if, after hearing the consequences, he desires to be tried by a jury. (*People v. Throop,* 359 Ill. 354.) That object was accomplished here. When the record recites the defendant was admonished as to the consequences of the plea, it will be presumed, in support of such recital, that the court has discharged its duty. *People v. Walker,* 250 Ill. 427; *People v. Blumberg,* 314 Ill. 567.

The judgment of the circuit court of Winnebago county is accordingly affirmed.

*Judgment affirmed.*