(No. 34115.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY BAXTON, Plaintiff in Error.

*Opinion filed January 24, 1957.*

Henry Baxton, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, (FRED G. LEACH, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Henry Baxton, was indicted at the October, 1951, term of the circuit court of Lee County for the murder of Julia Simpkins. At the time of his arraignment the court determined he was unable to employ counsel and, at his request, appointed the Public Defender to represent him. A plea of not guilty was entered, a request was made for a jury trial, and the cause was set for trial on October 29, 1951, some 24 days later. On the morning of October 25, however, defendant appeared in court without counsel and asked for leave to withdraw his plea of not guilty and to enter a plea of guilty to murder as charged in the indictment. Upon defendant's representation that his action had followed consultation with his appointed attorney and that he no longer wanted an attorney and desired to defend himself, the court, after a most thorough admonition, accepted the substituted plea. The afternoon of the same day defendant again appeared, this time accompanied by his appointed counsel, and the court, on its own motion, ordered that all proceedings of the morning be set aside. Thereafter, defendant again moved to substitute a plea of guilty, was again fully admonished by the court, and again persisted in his plea which was accepted by the court. Following a hearing of evidence in aggravation and mitigation, which disclosed that defendant had beaten and cut his victim to death with a whisky bottle after an evening of drinking and brawling, defendant, then 39 years old, was sentenced to imprisonment in the penitentiary for a term of 99 years. Appearing *pro se,* he has prosecuted this writ of error for review.

Defendant's fundamental claim appears to be that he was denied a fair trial and equal protection of the law. To support such a position he first advances various objections

to the indictment returned against him and to the competency of the evidence before the grand jury, on which it was based. These are matters, however, that can be raised only by a motion to quash the indictment and a ruling thereon preserved by a bill of exceptions. (*People* v. *Corbett,* 387 Ill. 41.) Having failed to make and preserve such objections, defendant cannot raise the question. (*People* v. *Knox,* 302 Ill. 471; *People* v. *Kroll,* 259 Ill. 592.) It should be stated that we find the indictment to be proper as to form and content.

The next assignments of error center around the assertion in defendant's brief that the "Court exceeded it's jurisdiction by accepting Plea of Guilty from (illiterate) defendant who attempted to defend self." Such a theory overlooks, of course, that the court set aside the proceedings at which defendant attempted to defend himself and ultimately accepted the plea of guilty entered while he was attended by counsel. In so doing we do not find either that the court exceeded its jurisdiction or that it committed an abuse of discretion. A strict requirement of our law is that, in each conviction of a crime upon a plea of guilty, the record must show that before the entry of the plea the court fully explained its consequences to the defendant and that the explanation was understandingly received. (Ill. Rev. Stat. 1951, chap. 38, par. 732; *People* v. *Washington,* 5 Ill.2d 58.) The object of the rule is to give the defendant the right to withdraw the plea of guilty if, after hearing the consequences of such plea, he desires to be tried by a jury. (*People* v. *Wilke,* 390 Ill. 598.) In the record before us the explanation and admonition of the court, given upon two occasions, is a model of thoroughness, and the defendant's replies on both occasions demonstrate that his plea was knowingly and understandingly made and persisted in. We find no basis to now say that his plea should not have been accepted.

To further sustain his prayer for a reversal of the judgment, defendant suggests that he was, by reason of intoxication, incapable of forming the specific intent requisite to the crime of murder. (See: *People* v. *Klemann,* 383 Ill. 236.) Apart from the fact that there is almost a complete lack of evidence to establish that his degree of intoxication was such as to render him incapable of entertaining a specific intent, it is sufficient to point out that when a plea of guilty is fairly and understandingly made, it admits every material fact alleged in the indictment and all elements of the crime with which the accused is legally charged, and obviates the necessity of any proof whatsoever. (*People* v. *Lantz,* 387 Ill. 72; *People* v. *Ross,* 409 Ill. 599; 14 I.L.P., Criminal Law, sec. 205.) Upon the same basis, defendant's contentions that it was error not to introduce the murder weapon in evidence and that there was a failure to prove venue, the *corpus delicti* and malice aforethought, must be held to have no merit.

Complaint is next made that improper evidence was admitted and considered by the court at the hearing in aggravation and mitigation which followed defendant's plea of guilty. In this respect the facts of the case show that defendant fled from the State of Illinois following his crime and that he was apprehended two days later by Iowa authorities to whom he gave a written statement concerning the death of Julia Simpkins. There is no contention that the statement was involuntary, and when it was introduced at the hearing in aggravation and mitigation defendant testified that it correctly represented the questions asked and the answers he had given. It is his present theory, however, that the statement was not proper evidence because it had been given outside the jurisdiction of the court in which he was tried. No authority is advanced for this unique proposition, nor has this court found any basis upon which it may be sustained.

At another point during the hearing the court refused to admit into evidence the prosecution's photographic evidence of the body of the deceased, commenting that he had in fact seen the photographs and that he considered them incompetent. Defendant now interprets such comment as showing "bias" on the part of the court and an extra-judicial examination of evidence which led to a "preconceived" decision as to what the result of the hearing in mitigation and aggravation would be. We find nothing in the record to support either charge. The photographs having been ruled incompetent, it would follow that they did not enter into the court's consideration of the evidence. While defendant's penalty was severe it was within the limits prescribed by law for the crime of murder and, in the face of a complete absence of mitigating circumstances, cannot be said to have been the result of bias.

For his final contention defendant asserts that his counsel was incompetent. We find, however, that most of the complaints against counsel stem from defendant's mistaken ideas as to the incompetency of his statement and to the necessity of proof following a plea of guilty. We cannot say that defendant's representation was so ineffective as to deny him due process of law. See: *People v. Morris,* 3 Ill.2d 437; *People v. Stephens,* 6 Ill.2d 257.

Our analysis of the case shows that the defendant had a fair and impartial trial and that the judgment of the circuit court of Lee County should be affirmed.

*Judgment affirmed.*