Conway, Ch. J.
This appeal has been taken by the Commissioner of Motor Vehicles of the State of New York from an order of the Appellate Division, Fourth Department, which (1) reversed an order of the Supreme Court, Monroe County, confirming the commissioner’s determination by which the commissioner revoked petitioner Astman’s operator’s license because petitioner had been convicted of three speeding violations within a period of 18 months, (2) annulled that determination, and (3) directed the commissioner to restore petitioner’s license.
The first two such convictions were based upon pleas of guilt, which were entered after the respective magistrates, before whom petitioner appeared, had informed petitioner in accordance with the provisions of section 335-a of the Code of Criminal Procedure, that upon conviction his license to drive a motor vehicle might be suspended or revoked. On this appeal we are not concerned with those convictions but only with the third judgment of conviction, which was entered following a trial in the City Court of Rochester.
On August 4, 1954, the petitioner was arraigned in the Criminal Branch of the City Court of Rochester, charged with speeding in violation of the ordinances of that city. He pleaded guilty and was fined $25. Shortly after conviction — no reason therefor appearing in the record — petitioner requested, and was granted, permission to withdraw his plea of guilt and to enter a plea of not guilty in its stead. The matter came on for trial on September 8, 1954, at which time the petitioner was represented by counsel. After trial petitioner was found guilty and again fined $25. It is conceded that the City Court Judges *570 did not, at any time during the proceedings, give to petitioner the warning required by section 335-a of the Code of Criminal Procedure.
The Commissioner of Motor Vehicles was apprised of the foregoing convictions by virtue of reports filed with him by the respective courts, and, pursuant to the mandate of section 71 (subd. 2, par. [c]) of the Vehicle and Traffic Law, issued an order revoking the operator’s license of the petitioner. Thereafter, petitioner instituted this article 78 proceeding for a review of the commissioner’s action.
In directing a restoration of petitioner’s license, the Appellate Division held that section 335-a, as amended in 1940, requiring the magistrate to give the warning upon the arraignment of the accused and before accepting any plea, is not waived when a defendant enters a plea of not guilty and demands a trial and that a failure to give the warning constitutes prejudicial error whether the accused pleads guilty or pleads not guilty and is tried for the offense.
We agree with the Appellate Division insofar as it ruled that the requirement of section 335-a is not waived by the entry of a plea of not guilty. We disagree with that court only insofar as it held that petitioner here was prejudiced by reason of the failure of the City Court Judges to comply with the provisions of section 335-a.
Section 335-a was added to the Code of Criminal Procedure in 1937. The statute, as it then read, required the magistrate, ‘ ‘ before accepting a plea of guilty or entering a judgment of conviction pursuant thereto ”, to inform the defendant “ that upon convicton, not only will he be liable to penalty, but that, in addition, his license to drive a motor vehicle * * * may
be suspended or revoked.” Manifestly, the key words in the statute were ‘ ‘ plea of guilty ’ ’. The required warning was intended to prevent injustices which might result from hasty and ill-advised pleas of guilt by defendants who were unaware of the severe penalty that might be imposed in addition to that decreed by the magistrate. Under the literal wording of the statute the magistrate was not required to give the warning before asking the defendant how he wished to plead but only before “ accepting a plea of guilty or entering a judgment of conviction pursuant thereto ”. (Emphasis supplied.) In 1940, section 335-a was amended (L. 1940, ch. 610) to read: “ The *571 magistrate, after the arrest of a person charged with a violation of the vehicle and traffic law, and before accepting a plea, must inform the defendant at the time of his arraignment that upon conviction, not only will he be liable to a penalty, but that, in addition, his license to drive a motor vehicle * * * may or must be suspended or revoked * * *.”
Although there were subsequent amendments (L. 1942, ch. 75; L. 1947, ch. 418; L. 1953, ch. 288; L. 1954, ch. 664; L. 1955, ch. 78), they are not material here. As of the time of trial in the Rochester City Court, section 335-a provided:
“ The magistrate, upon the arraignment in this state of a resident of this state charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles, and before accepting a plea, must instruct the defendant at the time of his arraignment in substance as follows:
“A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspénsion and revocation as prescribed by law.”
There can be no doubt but that section 335-a, as amended in 1940, was intended to clarify the procedure relating to the time when the magistrate should impart the warning. As we have indicated, prior to the 1940 amendment, the magistrate could properly wait for the accused to plead before imparting it. The magistrate was required to convey the warning only if the plea made was “guilty”. He was not required to give the warning if the plea was ‘ ‘ not guilty ’ ’. It will readily be seen that under that procedure an accused could be seriously prejudiced in the eyes of the magistrate, for the accused was entitled to receive the statutory warning only after he had pleaded guilty. The onus was then cast upon the defendant of requesting permission to withdraw such plea and to enter a plea of not guilty. Unquestionably, the Legislature intended to remove that burden from the defendant, through the 1940 amendment, by requiring the magistrate, in every case, to warn the defendant before he is ashed how he pleads. However, there is nothing in the language employed by the Legislature to indicate that such was the sole and exclusive object of the 1940 amendment. That is, the language of the amendment does not *572 suggest that the lawmakers, while decreeing that the caveat had to be given (a) upon the arraignment and (b) before accepting a plea — any plea— intended merely to save defendants from having to withdraw hasty and ill-advised pleas of guilty. Indeed, there is spelled out in the language of section 335-a, as amended in 1940, a more sweeping legislative intent. Thus, it will be noted that the amended statute requires the magistrate to inform every defendant that Ms conviction may result in the suspension or revocation of his license to drive a motor vehicle. Clearly, the cardinal word in the statute, as amended, is ‘ ‘ conviction ”. It is not difficult to perceive the reason for the Legislature’s having shifted the stress from the words “plea of guilty ’ ’ to the word ‘ ‘ conviction, ’ ’ for it is self-evident that the same grave consequences follow whether the conviction be based upon a plea of guilty or upon a verdict of guilty after trial. As mentioned earlier, at the time of trial in the Rochester City Court, section 335-a required the magistrate to advise a defendant that a plea of guilty was equivalent to a conviction after trial and that ‘ ‘ If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.” (Emphasis added.)
It is fundamental, as we have recently said, that “ The intent of the Legislature in enacting legislation is the primary object to be found. Whenever such intention is apparent it must be followed in construing the statute. * * * ‘ * * * a thing which is within the letter of the statute is not within the statute unless it be within the intention of the lawmakers * * *. It is a familiar legal maxim that ‘ ‘ he who considers merely the letter of an instrument goes but skin deep into its meaning,” and all statutes are to be construed according to their meaning, not according to the letter.’ [McKinney’s Cons. Laws of N. Y. Book 1, Statutes (1942 ed.)] ” (Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36, 43-44). The conclusion is inescapable that under section 335-a, as it read at the time of the petitioner’s last conviction, and as it presently reads, every defendant is entitled to be advised of the serious consequences that may flow from his conviction whether based upon a plea of guilty or on a verdict rendered after a trial. Such is the command of the letter of the statute — such is the mandate *573 of its spirit. In neglecting to so inform petitioner here, the Judges of the City Court of Rochester committed error. It does not necessarily follow that it was prejudicial error.
This is not a case where a layman elected to have an immediate trial without the aid of an attorney. The petitioner was represented by counsel. Presumably, he received a fair trial and was properly convicted, for he asserts no claim otherwise. He points to no errors transpiring during the trial. On oral argument in this court counsel for the petitioner advised us that when the case was called for trial before the Judge, he stated that he was “ ready.” The Judge had a right to take him at his word. While claiming that he was prejudiced in that, had the requisite warning been imparted to him, ‘ ‘ he then, upon conviction, could have appealed from the judgment of conviction ’ ’, petitioner does not allege that an appeal would have been helpful and he does not allege any apparent ground for an appeal. Petitioner’s claim that he would have obtained more witnesses and would have appealed from the judgment of conviction, had the warning been given, constitutes, it seems to us, an afterthought. The right to produce witnesses was not denied him. The right to appeal was open to him. Petitioner then had his day in court. Petitioner does not contend that his withdrawal of his plea of guilty prejudiced him in the eyes of the Judge and nowhere in the papers before us does it appear that the withdrawal of his guilty plea was used as an admission against him upon the trial or for any other purpose. In fact, in response to a query by one of our Judges during oral argument, petitioner’s counsel stated that such withdrawal was not used against the petitioner upon the trial.
It appearing that petitioner was not prejudiced in respect to a substantial right by virtue of the City Court Judges’ failure to impart the warning provided under section 335-a of the Code of Criminal Procedure, the order of the Appellate Division should be reversed and that of the Special Term should be reinstated.