368 P.2d 473

**STATE of Utah, Plaintiff and Respondent,**

v.

**David Wayne BANFORD, Defendant and Appellant.**

**No. 9395.**

Supreme Court of Utah.

Jan. 25, 1962.

Richard G. Daly, Washington, D. C., Richard S. Shepherd, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., for respondent.

WADE, Chief Justice.

David Wayne Banford appeals from a judgment and sentence to the Utah State Penitentiary for a term of not less than one nor more than 20 years upon his plea of guilty to the crime of burglary in the second degree.

The record discloses that appellant and others were charged with the crime of burglarizing a service station and at the time of the arraignment he was advised that he was entitled to have counsel, and that he need not make any plea to the charge until he had procured an attorney, and if he so desired he could have 48 hours in which to get an attorney, or he could waive that

time and enter his plea. Appellant thereupon indicated he did not desire to retain counsel and waived his time to plead, and upon being asked what his plea was, plead "guilty." After he had pleaded "guilty" the court admonished him and co-defendants who had also entered pleas of "guilty" in the following words:

> "Now I want to warn all of you that, if you lie to Mr. Larsen, we'll know about it. If I find out that anyone of you lied, you won't get any kind of probation consideration. I want to warn you now that I'm not granting you probation. I don't know whether I will give you probation or not."

Appellant contends that the court erred in adjudging him guilty of burglary in the second degree upon his plea to that effect because he is a minor and therefore, the court should have appointed counsel to defend him even though he indicated he did not wish to have counsel, and also because he was not told the consequences of a plea of guilty to the crime with which he was charged as provided in Section 77–24–6, U.C.A.1953, which requires that:

> "Where the defendant is not represented by counsel, the court shall not ac-

cept a plea of guilty until it shall have explained to the defendant the consequences of such plea."

■ As to appellant's contention that because he was a minor the court should have appointed counsel and refused to accept his waiver of such right, this court has ruled adversely to such contention in State v. Spiers.[1]

However, appellant's contention that the court erred in accepting his plea of guilty without first advising him of the consequences of such plea has merit. Section 77–24–6, U.C.A.1953 expressly provides that where a defendant is not represented by counsel, the court should not accept a plea of guilty until the court has explained to the defendant the consequences of such a plea.[2]

■ The record shows that while appellant was warned after his plea of guilty that he might not receive probation, nothing was told him by the court as to the consequences of a plea of guilty or that such a plea would subject him to a term in the state prison. Had the court informed appellant that he had a right to a jury trial but that under a plea of guilty he would not

1.  State v. Spiers, 12 Utah 2d 14, 361 P. 2d 509.
2.  Krolage v. People, 224 Ill. 456, 79 N.E. 570. For other cases on the question of failure of court to explain consequences before accepting plea of guilty, see People v. Petrie, 294 Ill. 366, 128 N.E. 569; People v. Fulimon, 308 Ill. 235, 139 N.E. 396; People v. Cooper, 366 Ill. 113, 7 N.E.2d 882, 110 A.L.R. 223; People v. Wilke, 390 Ill. 598, 62 N.E.2d 468; People v. Washington, 5 Ill. 2d 58, 124 N.E.2d 890; People v. Baxton, 10 Ill.2d 295, 139 N.E.2d 754 and Astman v. Kelly, 2 N.Y.2d 567, 161 N.Y.S. 2d 860, 141 N.E.2d 899.

receive such a trial, but that it would mean that he might have to serve a term in the state prison, appellant might not have entered such a plea, but elected to have a jury trial. Since no explanation as to the consequences of his plea was given appellant, this court cannot say that the failure to do so was not prejudicial error.

Reversed and remanded with instructions to allow appellant to withdraw his plea of guilty and to grant him a trial if he so desires.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.