**People of the State of Illinois, Plaintiff-Appellee, v. Joseph Wethington, Defendant-Appellant.**

**Gen. No. 10,745.**

Fourth District.

November 3, 1966.

Thomas F. Londrigan, of Springfield, and Kenneth R. Boyle, of Carlinville, for appellant.

John E. Grosboll, State's Attorney, of Petersburg, for appellee.

MORAN, J.

This is an appeal by Joseph Wethington from a judgment sentencing him to ninety days at the State Penal Farm at Vandalia.

On November 8, 1965, the defendant pleaded guilty to a charge of Contributing to the Delinquency of a Minor, under Ill Rev Stats 1959, chapter 23, section 2011. After a favorable presentence report, the State's Attorney recommended a three-year period of probation. The court, after deciding that section 2011 authorized probation for no more than one year, entered an order granting probation for one year; but, as a condition of probation, sentenced him to ninety days at the State Penal Farm at Vandalia.

The defendant contends that the court lacked jurisdiction to condition its grant of probation by a jail sentence, since section 2011 did not authorize such a penalty, while the State contends that the sentence was proper because

the Code of Criminal Procedure, Ill Rev Stats, chapter 38, sections 100 through 126, approved August 14, 1963, effective January 1, 1964, including the probation conditions set forth in section 117–2, applies to all Illinois penal statutes.

Ill Rev Stats, chapter 38, section 100–2, defines the scope of the Code of Criminal Procedure. *"These provisions* shall govern the procedure . . . in all criminal proceedings *except where provision for a different procedure is specifically provided by law."* (Emphasis supplied.) Thus, the probation conditions of section 117–2 shall govern unless specific provisions are applicable. Ill Rev Stats, chapter 23, section 2011, provides that, when convicted of the crime of Contribution to the Delinquency of a Minor, a person:

> ". . . shall be fined not more than $1,000, or imprisoned for not more than 1 year, or fined and imprisoned in the discretion of the court; provided, that instead of imposing the punishment hereinbefore provided, the court shall have the power to release the defendant from custody on probation for one year upon his or her entering into recognizance . . ."

This section continues by listing the conditions of the recognizance and the penalties for violation of any of the terms of the probation.

 The legislature has specifically provided a different procedure for a person convicted of the crime of Contributing to the Delinquency of a Minor. Hence, the probation conditions enumerated in section 117–2 are not applicable. The trial court must have recognized this by its refusal to grant a period of probation longer than one year, when section 117–2 provides for periods of probation exceeding one year. Under section 2011, it seems

clear that the court was not authorized to condition its grant of probation by a jail sentence; for the legislature used the words "instead of imposing the punishment hereinbefore provided, the court shall have the power to release the defendant from custody on probation for one year."

The defendant also contends that the court erred in refusing to allow the defendant to withdraw his plea of guilty and enter a plea of not guilty, since new evidence constituting a defense had been discovered.

██ Whether a defendant should be allowed to withdraw a plea of guilty rests in the sound discretion of the trial court. People v. Johnson, 345 Ill 352, 178 NE 59; People v. Chandler, 361 Ill 511, 198 NE 215; People v. Ross, 409 Ill 599, 100 NE2d 923. "(W)hen a plea of guilty is fairly and understandingly made, it admits every material fact alleged in the indictment and all elements of the crime with which the accused is legally charged, and obviates the necessity of any proof whatsoever." People v. Baxton, 10 Ill2d 295, 139 NE2d 754, at 299.

█ Here, the newly discovered evidence was within the knowledge of the defendant at all times and readily available to his counsel at all times. In addition, the motion to withdraw the plea of guilty was made only after the trial court had entered judgment. In view of these facts, we do not find that the trial court abused its discretion in refusing to allow the defendant to change his plea.

For the foregoing reasons, that portion of the judgment of the Circuit Court of Menard County, finding the defendant guilty on his plea of guilty, and refusing to permit the withdrawal of said plea of guilty is affirmed; that portion of the judgment which provides for a ninety-day period of incarceration during the probation period is reversed. This cause is remanded to the Circuit Court

113

of Menard County for action not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.

GOLDENHERSH, P. J. and EBERSPACHER, J., concur.