The STATE of Utah in the Interest of Nathan Jared HILL, a person under eighteen years of age.

No. 17234.

Supreme Court of Utah.

Dec. 3, 1980.

---

1. See U.C.A., 1953, 41–12–1, et seq.

2. U.C.A., 1953, 41–12–21.

3. Id.

Robert J. Schumacher of Utah County Legal Defenders Ass'n, Provo, for appellant.

Robert B. Hansen, Atty. Gen., Salt Lake City, for respondent.

HOWE, Justice:

Nathan J. Hill, a juvenile of the age of 14 years, was charged with delinquency based upon two counts of burglary in that he allegedly remained in a building with intent to commit theft in violation of Sec. 76–6–202, U.C.A.1953 as amended. He appeared before the juvenile court below, accompanied by his father and a probation officer of that court, for the purpose of entering a plea. The judge informed him and his father that he had a right to consult with legal counsel before entry of the plea, but the juvenile, after consulting with his father, indicated that they did not wish to have counsel. The judge then asked the father whether he thought the decision to waive the right to legal counsel was a good decision and the father expressly supported it.

The charges were then read to the juvenile and his father but the exact title and section of the code were not read orally but were contained in a summons which had been served upon them. The judge did inform them that the charges were "very serious" but did not instruct them as to the possible consequences of pleading an admission to the charges. The juvenile thereupon entered a plea of admission to both counts.

About two and a half months later the juvenile, through his present attorney, moved the court for leave to withdraw his admission to the charges on the ground that he had entered it without the assistance of legal counsel. The motion was accompanied by the affidavit of the juvenile's father to the effect that after the hearing where the charges were admitted, he became more familiar with the evidence in the case and concluded that his son did not commit burglary but rather committed criminal trespass, a lesser offense. He also asserted in the affidavit that based upon conversations he had had with the probation officer, he understood the charges against his son were for trespass and that an admission to them was necessary in order to clear the record and place the juvenile in a release program to his father. The court denied the motion on the grounds that he had fully advised the juvenile and his father of their rights to an attorney and that they had knowingly waived the right to counsel prior to entering the admission to the charges. The court then ordered that the juvenile be committed to the youth development center with that order stayed on condition he take a job and pay $100 a month toward restitution and that he be placed in the care, custody, control and guardianship of the Division of Family Services for appropriate placement.

The juvenile brings this appeal contending that the court abused its discretion in not allowing him to withdraw his admission to the charges. Section 77–24–3, U.C.A. 1953, which was in effect at the time of the proceedings below, provides in part "the court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted." We held in *State v. Lee Lim*, 79 Utah 68, 7 P.2d 825, that a defendant is not entitled as a matter of right to withdraw a plea of guilty but it is within the discretion of the trial court whether to allow the withdrawal. In this instance we believe that the trial judge should have allowed the juvenile to

withdraw his admission to the charges. Section 77–24–6, U.C.A.1953 as amended, which also was in effect at the time of the hearing below provides "where the defendant is not represented by counsel the court shall not accept a plea of guilty until it shall have explained to the defendant the consequences of such plea." The proceedings in the court below where the juvenile's plea of admission was made and entered was not recorded and thus no transcript of those proceedings is before us. Five months after the plea was made, the juvenile judge reduced to writing in a memorandum which has been placed in the record, his recollection as to what took place. There the judge stated that he advised the boy and his father that the charges were "very serious" but that he did not explain to them the consequences of his plea. From all that is before us, it appears that he did not explain to them that the charges were felonies, what a felony is and the consequences to the juvenile from a conviction of a felony. The requirements of Section 77–24–6 were not met.

In *State v. Banford*, 13 Utah 2d 63, 368 P.2d 473, the defendant, a minor, pleaded guilty to burglary and was warned at that time that he might not receive probation. However, the judge did not explain to him that such a plea could subject him to a term in the state prison. He also was not informed that he had a right to a jury trial. We held that under those facts the mandate of Section 77–24–6, had not been followed and we reversed the case with instructions to allow him to withdraw his plea of guilty and to stand trial.

While in the instant case the juvenile did not receive a prison sentence, it appears from the scanty record before us that the juvenile and his father were not given a full explanation of the consequences of his plea and therefore the conviction cannot stand.

The judgment below is reversed and the case is remanded with instructions to allow the juvenile to withdraw his plea of guilty and to grant him a trial.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.