## The People of the State of Illinois, Defendant in Error, v. Melvin Sweetland, Plaintiff in Error.

### Gen. No. 6,482.

1. CRIMINAL LAW, § 373a*—*what is final judgment not subject of vacation.* A judgment of the County Court, in a criminal prosecution for the sale of intoxicating liquor without a license, on one count of the indictment, upon a plea of guilty to such count, and continuing the remaining counts to a certain term, is a final judgment, and consequently the court has no jurisdiction at an intermediate term to entertain a motion to vacate the judgment on such single count, to withdraw the plea of guilty and to enter a plea of not guilty.

2. CRIMINAL LAW, § 14*—*what are misdemeanors.* Misdemeanors comprise all offenses, lower than felonies, which may be the subject of indictment.

3. CRIMINAL LAW, § 93*—*necessity of informing accused of effect of plea of guilty in trial of misdemeanor.* The Criminal Code, div. 13, sec. 4 (J. & A. ¶ 4121), providing that where a party pleads guilty, such plea shall not be entered until the court has fully explained to the accused the consequences of entering such plea, after which, if the party persists in pleading guilty, such plea shall be received and recorded and the court shall proceed to render judgment, and where the court possesses any discretion as to the extent of the punishment it shall be its duty to examine witnesses as to the aggravation or mitigation of the offense, applies to misdemeanors, as well as to felonies.

4. INTOXICATING LIQUORS, § 161*—*when judgment on plea of guilty to illegal sale of is excessive.* A judgment, on a plea of guilty to a count charging the illegal sale of intoxicating liquor for the highest fine and severest punishment which can be imposed upon a single count under section 2 of the Dramshop Act (J. & A. ¶ 4601), is excessive where the evidence tends only to show a single sale and there are no circumstances of aggravation.

5. CRIMINAL LAW, § 599*—*when case should be reversed and cause remanded.* A judgment rendered on a plea of guilty in a criminal case should be reversed and the cause remanded for further proceedings where the court fails to advise the accused of the effect of the plea.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ON PETITION FOR REHEARING.

CRIMINAL LAW, § 414*—*when question that record does not show that grand jury were sworn may not be raised.* A defendant in a criminal case cannot complain of the failure of the record of the Circuit Court which is filed in the County Court, where the trial is held, to show that the grand jury were sworn, where he, does not raise such question in the trial court.

Error to the County Court of Lake county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed February 12, 1918. Rehearing denied April 10, 1918.

RALPH J. DADY, for plaintiff in error.

JAMES G. WELCH, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Dale Sweetland and Melvin Sweetland, father and son and druggists at Highland Park, were indicted in the Circuit Court of Lake county under twenty counts, charging sales of intoxicating liquor without a license. They pleaded not guilty and the cause was certified to the County Court for trial. A change of venue was taken from the county judge of that county and a county judge of another county tried the cause. At a certain stage of the trial, the indictment was dismissed as to Dale Sweetland and Melvin Sweetland pleaded guilty to the first count of the indictment and was fined $100 and sentenced to 30 days' imprisonment in the county jail, and the remaining counts were continued from the April term, 1917, to the October term, 1917, of said court. Defendant excepted to the judgment and obtained a bill of exceptions of what had occurred at that trial. That April term adjourned 4 days later. Thereafter, at the June term, defendant appeared by other counsel and entered a motion to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCX 28

vacate the judgment on the first count, to withdraw the plea of guilty, and to plead not guilty. That motion was heard and denied, and a bill of exceptions was taken of the showing made upon that motion. This is a writ of error to review said proceedings.

If the court had jurisdiction at said June term to vacate said judgment under the first count, then we are of opinion that the showing made and not disputed required the court, in the exercise of a sound judicial discretion, to grant the motion and vacate the judgment and set aside the plea of guilty, under the principles laid down in *Krolage v. People,* 224 Ill. 456, and *People v. Walker,* 250 Ill. 427. Defendant contends that the court did have such jurisdiction, because under *People v. Gaul,* 233 Ill. 630, a judgment of the County Court upon different counts in a criminal case is a unit, and he argues that therefore the court did not have power to enter a judgment on one count until a judgment was entered as to all the counts. Our view is that the judgment at the April term was a final judgment, and that the question what effect that judgment had upon the other counts, not formally disposed of, is a matter not before us in this record. That question is considered by us in *People v. Huyvaert,* 209 Ill. App. 40, at this term. We hold that the court had no jurisdiction at the June term to vacate the judgment of the April term, and therefore the court properly denied the motion made at the June term.

Section 4 of division 13 of the Criminal Code (J. & A. ¶ 4121) provides that where a party pleads guilty, such plea shall not be entered until the court has fully explained to the accused the consequences of entering said plea, after which, if the party persists in pleading guilty, such plea shall be received and recorded and the court shall proceed to render judgment; and that where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the

aggravation or mitigation of the offense. The record of this judgment is silent as to there having been any compliance with this section. We are not required by this record to decide whether, in the absence of anything else appearing, it would be presumed that the court did or did not comply with this statute, for the reason that by the bill of exceptions it is certified that it contains all the proceedings in said cause, and everything said by the court and the defendants and their attorneys, during the proceedings and including the time when Melvin Sweetland pleaded guilty and judgment was entered. It therefore affirmatively appears that there was no attempt to comply with any part of the statute above cited.

Misdemeanors comprise all offenses, lower than felonies, which may be the subject of indictment. *Walsh v. People*, 65 Ill. 58. This was an indictment. It is argued that this statute applies to felonies only and not to misdemeanors. We can find no ground for so holding. The cases where the statute has been discussed by our Supreme Court were felonies, so far as we are advised, but that does not exclude misdemeanors from the operation of the statute. All of the provisions of that division of the Criminal Code appear to us to apply equally to felonies and misdemeanors, except where the one word or the other is used alone. In *Berliner v. State*, 6 Tex. App. 181, it was held that the provision of the statute on that subject in Texas applied only to felonies, but their statutory provision is not set out, and we must presume that the court meant that its language applies only to felonies. We find no such language in our statute, nor can we construe the statute as applying only to felonies simply because in some counties courts have omitted to apply it to misdemeanors. In many other counties the statute has been strictly observed and applied to misdemeanors. The bill of exceptions shows that by agreement between counsel the trial be-

gan with Dale Sweetland only present, and after the People's evidence was closed and Dale Sweetland had testified, defendant Melvin then came into court and the proceedings above recited were had. Whether the evidence which the court had heard in the trial before the jury in the absence of Melvin Sweetland should be treated as the evidence required to be heard in aggravation or mitigation of the offense, we think it unnecessary to decide, but, if so, it did not justify the present judgment, which was for the highest fine and the severest punishment which could be imposed upon a single count under section 2 of the Dramshop Act (J. & A. ¶ 4601). The evidence tended to show only a single sale by Melvin Sweetland at his drug store and did not show any circumstances of aggravation.

For the failure of the court to explain to the accused the consequences of entering his plea of guilty, the judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*

## ON PETITION FOR REHEARING.

PER CURIAM. Plaintiff in error asks a rehearing because although the judgment was reversed it was also remanded. He urges that the record of the Circuit Court filed in the County Court purports to be a complete record and does not show that the grand jury were sworn. It is open to question whether the certificate of the circuit clerk to the record filed in the County Court should be construed as broadly as plaintiff in error claims. Plaintiff in error did not raise this question in the court below where, if the certificate to the record of the Circuit Court was incomplete or insufficient, the fault could have been remedied. We are of opinion, therefore, that the cause should be remanded in order that the State's Attorney may take such steps as will perfect the record if the grand jury

were in fact sworn as it says it was sworn in the beginning of the indictment. The petition for rehearing is denied.

*Petition denied.*