(No. 16232.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD BLUMBERG, Plaintiff in Error.

*Opinion filed December 16, 1924.*

1. CRIMINAL LAW—*allegation that defendant was armed is not a separate count in indictment for robbery.* In an indictment for robbery the allegation that the defendant was armed with a dangerous weapon does not constitute a separate count but is merely a matter of aggravation.

2. SAME—*when waiver of "gun count" is not waiver of entire charge in indictment for robbery.* Where an indictment for robbery consists of but one count, which charges that the defendant committed the crime while armed with a pistol, a waiver of the "gun count" is not a waiver of the entire charge but is equivalent to a *nolle prosequi* of the matter of aggravation, and the reference to the matter of aggravation as a count is but a technical error.

3. SAME—*recital in record that defendant was advised of effect of plea of guilty is sufficient.* A recital in the record that the defendant was fully advised of the effect of his plea of guilty is a sufficient compliance with the statute to warrant a sentence, and the language which the court uses in warning the defendant is no part of the record.

4. SAME—*fact that defendant was not sufficiently advised of the effect of plea of guilty must be made to appear from record.* Where it is recited in the record that the defendant was fully advised of the effect of his plea of guilty it must be presumed that the court discharged its duty, and in order to overcome the presumption it must be made to appear from the record, by bill of exceptions or otherwise, that the court erroneously or insufficiently informed the defendant of the effect of his plea.

5. SAME—*finding defendant guilty of "plain" robbery is sufficient.* Where the prosecution has waived its charge of the aggravated offense of robbery with a gun and the defendant pleads guilty to "plain" robbery, the use of the word "plain" in the judgment is sufficient to distinguish the robbery for which the defendant is convicted and sentenced to the penitentiary, and it cannot be contended that it designates only petit larceny.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JACOB H. HOPKINS, Judge, presiding.

FRANK W. DERBY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (HENRY T. CHACE, JR., EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The grand jury, at the January, 1923, term of the criminal court of Cook county, returned an indictment against Edward Blumberg, consisting of a single count, which charged that he robbed Elizabeth Hartman of $100 while armed with a pistol. His plea was not guilty. Subsequently, on motion of the State's attorney, it was "ordered that the gun count be waived." Blumberg thereupon withdrew his plea of not guilty to the indictment and entered a plea of "guilty of plain robbery in manner and form as charged therein." The record then shows that Blumberg "being fully advised by the court that the effect of said plea would be that the defendant would be subject to be sentenced to imprisonment in the penitentiary for a term of not less than three years nor more than twenty years, he still persisting therein, the court orders said plea to be accepted and entered of record against said defendant." The testimony of witnesses was heard and Blumberg was adjudged guilty of "plain robbery" and sentenced to the penitentiary. By this writ of error he seeks a reversal of the judgment.

The contentions of the plaintiff in error are substantially three: First, that there was no criminal charge against him at the time of his conviction because the only count in the indictment as returned by the grand jury had been waived; second, that the court failed fully to explain to him the consequences of his plea of guilty; and third, that the words "plain robbery" cannot designate any crime other than petit

larceny, for the commission of which he could not be sentenced to the penitentiary.

In an indictment for robbery the allegation that the defendant was armed with a dangerous weapon does not constitute a separate count but is merely a matter of aggravation. (*People* v. *Boer,* 262 Ill. 152.) There was only one count in the indictment, and the purpose of the waiver of the charge that the plaintiff in error was armed with a dangerous weapon was merely that no evidence would be offered of that fact. The trial proceeded upon that assumption and the sentence was for the simple and not for the aggravated offense. While it was inaccurate to refer to the part of the indictment which set forth the matter of aggravation as a count, its erroneous designation could in no way prejudice the plaintiff in error. The waiver was equivalent to a *nolle prosequi* of the matter of aggravation, which is a separable part of the count. The indictment for robbery remained to support the judgment and sentence. (*People* v. *Cohen,* 307 Ill. 87.) The technical error in the use of the word "count" is one of form and is not sufficient to reverse the judgment. *People* v. *Hartsig,* 249 Ill. 348.

A recital in the record that the defendant was fully advised of the effect of his plea of guilty shows a sufficient compliance with the statute to warrant a sentence. The language of the court used in warning the defendant is no part of the record. (*People* v. *Harney,* 276 Ill. 236; *People* v. *Siracusa,* 275 id. 457.) When such a recital is shown of record it must be presumed that the court discharged its duty. (*People* v. *Walker,* 250 Ill. 427; *People* v. *Fulimon,* 308 id. 235.) In order to overcome the presumption that the court properly performed its duty it must appear from the record that the court erroneously or insufficiently informed the defendant of the effect of his plea of guilty. (*People* v. *Siracusa, supra.*) There is no bill of exceptions in this record and no motion of any character was made by the

plaintiff in error, nor did he preserve any exception to any ruling of the court.

The words "plain robbery," in the judgment, were intended to distinguish the robbery for which the plaintiff in error was convicted and sentenced from the aggravated offense of robbery while armed with a dangerous weapon. The use of the word "plain" in conjunction with the word "robbery" had no technical meaning. The withdrawal of that part of the charge which referred to the deadly weapon led to the use of the word to show that the aggravated charge was not under consideration by the court. The conviction was for robbery, and the plaintiff in error was properly sentenced to the penitentiary. *People* v. *Pleitt,* 308 Ill. 323; *People* v. *Cohen, supra.*

We find no reversible error in the record. The judgment of the criminal court will be affirmed.

*Judgment affirmed.*

---

(No. 14903.—Reversed and remanded.)
WILLIAM BROWN *et al.* Appellees, *vs.* JULIAN RAY *et al.*
Appellants.

*Opinion filed December 16, 1924.*

1. WILLS—*what are "false words" in description of devise or conveyance.* False words, as applied to descriptions in wills or deeds, are misdescriptions of property devised or conveyed that are not applicable to any property owned or intended to be devised or conveyed by the testator or grantor.

2. SAME—*what are repugnant calls in a devise.* Words which describe lands owned by the testator but which conflict with other calls in the same description, so that one or the other will correctly describe the land intended to be devised but both cannot do so, constitute repugnant calls or descriptions.

3. SAME—*provision in a will cannot be altered to correct mistake—extrinsic evidence.* Wills are required to be in writing and no will can be reformed or changed because of a mistake made