(No. 21218.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT MOORE, Plaintiff in Error.

*Opinion filed December 23, 1932.*

JOHN D. HETH, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Robert Moore was indicted in the criminal court of Cook county for taking indecent liberties with a girl nine years old and for the rape of the same girl. He waived a jury and was tried by a judge, who found him guilty of rape. Motions for a new trial and in arrest of judgment were made and denied and he was sentenced on October 31, 1930, to imprisonment in the penitentiary for fifteen years. The defendant has sued out a writ of error to review the judgment.

The errors assigned are that the court's finding is against the evidence; that the court erred in finding the defendant guilty beyond a reasonable doubt, in considering the credibility of the witnesses and the probability of their testimony as well as their ulterior motive which prompted the accusation and induced the prosecution; and that the court erred in imposing the original sentence of fifteen years and in failing to reduce the sentence below ten years.

The girl victim testified positively to an actual rape as well as the indecent assault. The defendant positively denied both the rape and the indecent liberties. These two were the only witnesses who testified directly to what occurred. The testimony of the girl is discredited somewhat by other evidence contradictory of hers in some circumstances, but she is also corroborated in some particulars and particularly by the defendant. While the defendant denied the whole charge in every detail, a statement made by him in the police station, in the presence of police officers and the mother of the prosecuting witness, corroborates her to

some extent. This statement was not a confession but a statement of occurrences at the time the alleged rape and indecent liberties are said to have occurred. They deny the rape but amount to an admission of the indecent liberties. If these admissions were true, his testimony that he was alone in the house on May 2, 1930, until three o'clock in the afternoon was untrue, for it was during that time that he admitted the indecent liberties which are mentioned in his statement. This statement was offered in evidence in chief by the People and received without objection. When he was called as a witness in his own behalf, in reply to a question by his own counsel he answered that he made that statement but it was false; that he made it because he was mistreated by police officers. No objection having been made to the admissibility of the statement its weight was a question for the court.

It would serve no useful purpose to detail the evidence at length. It was contradictory, there was evidence sufficient to justify the finding, and the judge who heard it was in a better position to determine its weight than we are. One witness, a fellow-workman of the defendant employed by the Illinois Central Railroad Company as a mail handler, who had known the defendant twenty years, testified that his reputation as a peaceable, law-abiding citizen was good prior to May 2, 1930.

The punishment imposed was within the provisions of the statute, and such a penalty cannot be said to be disproportionate to the nature of the offense unless the law itself is subject to that objection, and to justify holding a law invalid on that ground there must be a clear violation of the constitutional provision. *People* v. *Elliott, 272* Ill. 592.

On January 13, 1931, which was in the third term after the trial, conviction and sentence of the plaintiff in error, he presented a petition to the court for a modification of the sentence, and the court on January 27, 1931, entered

an order purporting to vacate the previous sentence and to sentence the defendant anew to ten years' imprisonment in the penitentiary instead of fifteen. The citation of authority that this order was without jurisdiction and void is unnecessary.

The final judgment of the criminal court at the October term, 1930, is affirmed.

*Judgment affirmed.*