(No. 21924.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD COLLINS, Plaintiff in Error.

*Opinion filed October 21, 1933.*

EUGENE L. McGARRY, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURT-
NEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WIL-
SON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

Edward Collins was indicted in the criminal court of
Cook county for robbery, for robbery while armed with a
dangerous weapon and for driving away a motor vehicle
without the owner's consent. The defendant's first plea
was not guilty, but later he withdrew it and pleaded guilty.
The court explained the consequences that might result
from the latter plea, but the defendant persisted in it. On
June 16, 1932, he was found guilty of robbery and sen-
tenced to the State penitentiary at Joliet. Subsequently, on
June 27, 1932, at the same term of court, he made applica-
tion for probation. The hearing upon the application was
postponed to the succeeding term and on July 12, 1932, the
application was denied. On the same day, the court entered
an order purporting to vacate the sentence of imprisonment
in the penitentiary at Joliet and to substitute imprisonment
in the Southern Illinois penitentiary at Menard. The au-
thorities at Menard refused to receive a prisoner from Cook
county, and the defendant was returned to the county jail.
On September 27, 1932, at the third term succeeding his
original sentence, he made a motion, supported by affidavit,
to vacate the judgment and sentence and for leave to with-
draw his plea of guilty. The hearing on this motion was

postponed until October 19, 1932, when the motion was denied. Later, on October 24, 1932, the court entered an order purporting to vacate the sentence imposed on July 12, 1932, and again to sentence the defendant to imprisonment in the penitentiary at Joliet. To obtain a review of the record, he prosecutes this writ of error.

A reversal of the judgment is sought upon three grounds, first, that the consequences of entering the plea of guilty were not fully explained to the plaintiff in error; second, that the judgment by which he was found guilty of robbery is void, and third, that the court erred in refusing to permit the withdrawal of the plea of guilty and the substitution therefor of the plea of not guilty.

A recital in the record that the defendant was fully informed of the effect of his plea of guilty shows a sufficient compliance with the statute to warrant a sentence. The particular words spoken in warning the defendant constitute no part of the record. (*People* v. *Harney,* 276 Ill. 236; *People* v. *Siracusa,* 275 id. 457). When such a recital is shown of record, the presumption is that the court discharged its duty. (*People* v. *Walker,* 250 Ill. 427; *People* v. *Fulimon,* 308 id. 235). To overcome the presumption that the court properly performed its duty it must appear from the record that the court erroneously or insufficiently informed the defendant of the effect of his plea of guilty. (*People* v. *Siracusa, supra*). In the case at bar, the record shows affirmatively that, before any testimony was heard, the consequences of entering the plea of guilty were explained to the plaintiff in error and that, notwithstanding the court's admonition, he persisted in his plea. The bill of exceptions discloses neither an erroneous nor insufficient warning to the plaintiff in error respecting his plea; and he did not, at the time judgment was rendered, complain of or except to any action or ruling of the court. The first contention is therefore without merit. *People* v. *Blumberg,* 314 Ill. 567.

The court, by the original judgment, as well as by the successive purported judgments entered on July 12, 1932, and October 24, 1932, found the plaintiff in error guilty of the crime of "plain" robbery. While the word "plain" in connection with the word "robbery" has no technical meaning, yet by the use of the former word, the trial court intended to distinguish the robbery for which the plaintiff in error was convicted from the aggravated offense of robbery while armed with a dangerous weapon. The conviction was for a robbery committed without such a weapon, and the original judgment and sentence are valid. *People v. Blumberg,* 314 Ill. 567; *People v. Pleitt,* 308 id. 323; *People v. Cohen,* 307 id. 87.

The third contention is likewise untenable. By section 2 of the act providing for a system of probation (Cahill's Stat. 1931, pp. 1098, 1099; Smith's Stat. 1931, pp. 1102, 1103), any defendant convicted of a crime, with the exceptions enumerated, "may, in the discretion of the judge hearing the case, after entry of judgment, and nothing remains to be done by the court except to pronounce sentence, be admitted to probation" according to the provisions of the act. The application for probation must be made before sentence is pronounced. (*People v. Andrae,* 295 Ill. 445). After sentence, the court has neither the power to release the defendant on probation, nor the right to stay the execution of the sentence for the purpose of considering his application for probation. (*People v. Wright,* 296 Ill. 455). The plaintiff in error was first sentenced to the penitentiary on June 16, 1932. His application for probation was not made until June 27, eleven days later. Since the application was made after sentence, the court had no power to grant probation and the postponement of the hearing upon the application to the succeeding term was therefore unauthorized and wholly ineffective.

After the expiration of the term at which a judgment on a plea of guilty to an indictment was entered and sen-

472

tence pronounced, and in the absence of an appropriate motion or proceeding instituted within that term to retain jurisdiction, the court has no power to vacate or alter its final judgment. (*People* v. *Moore,* 350 Ill. 611; *People* v. *Weinstein,* 298 id. 264; *People* v. *Wilmot,* 254 id. 554). The order entered on July 12, 1932, purporting to vacate the sentence of imprisonment in the penitentiary at Joliet and to substitute imprisonment in the penitentiary at Menard, made at the term succeeding the term at which final judgment was rendered, without the retention of jurisdiction of the cause, was therefore void. Likewise, the motion to vacate the judgment and sentence and to permit the plaintiff in error to withdraw his plea of guilty and to plead not guilty was not made until the third term after the final judgment had been rendered and for that reason could not invoke the exercise of the court's power or jurisdiction. It follows that the judgment and sentence of June 16, 1932, have not been vacated and are binding and effective.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*