(No. 25134.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WAYNE SPRAGUE, Plaintiff in Error.

*Opinion filed June 19, 1939.*

R. E. SMITH, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, and A. B. DENNIS, (REA F. JONES, State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Wayne Sprague was indicted in the circuit court of Franklin county in the year 1927 for the crime of murder. He entered a plea of guilty, evidence was heard and the defendant was sentenced to imprisonment in the penitentiary for a term of forty years. More than eleven years after his conviction the defendant presented a motion to have

his case redocketed and to withdraw his plea of guilty and enter a plea of not guilty. The motion was supported by an affidavit. The motion was denied and this writ of error has been sued out to review the order.

The matters alleged in the affidavit in support of the motion are substantially as follows: That at the time of the entry of his plea of guilty the defendant was not represented by counsel and did not know the effect of his plea; that, previously, he had consulted an attorney and had made an effort to retain his services, but the attorney became ill; that he informed the court of such fact and stated that he desired an attorney; that the court advised him to be prepared for trial five days thereafter; that at the time set for trial the defendant informed the court he did not have an attorney; and that the court stated he could enter a plea of guilty as an accessory to murder; that he entered the plea but did not understand that it provided the same penalty as murder; that after the sentence the defendant orally requested the judge to permit him to withdraw his plea of guilty and that an attorney be appointed for him, which request was refused; that the defendant was not familiar with and had not been advised concerning court practice, the meaning of the indictment or the penalties for various crimes, including murder; that he did not assault the person charged to have been murdered and was not guilty of the crime; that since his confinement he has made "efforts to procure a trial or get relief from the unjust punishment he is receiving." There is no bill of exceptions. The original judgment order, contained in the record, recites: "The court admonishes the defendant and makes known to him the consequences of a plea of guilty to the crime of murder as charged in the indictment. Defendant still persists, however, and again enters his plea of guilty to the crime of murder as charged in the indictment." Though certain of the facts set out in the affidavit are in conflict with the judgment order the record must prevail as against an affi-

davit. (*People* v. *Ambolo,* 343 Ill. 480; *Gillespie* v. *People,* 176 id. 238.) Except for the correction of errors of fact, as provided by statute, within five years after final judgment, the court has no power to vacate a judgment of conviction after a defendant has commenced his sentence and after the end of the term of court at which he was convicted. (*People* v. *Schuedter,* 336 Ill. 244; *People* v. *Perlmutter,* 306 id. 495; *People* v. *Turney,* 273 id. 546.) To correct errors of law the proper procedure is by a writ of error. A motion is not available for that purpose. A motion for the correction of errors of fact must be presented within five years of the rendition of the judgment. (Ill. Rev. Stat. 1937, chap. 110, par. 196, p. 2406.) The judgment sought to be vacated was not open to review in the manner attempted. *People* v. *Schuedter, supra; People* v. *Perlmutter, supra.*

The contention of counsel for the defendant that the court should have examined witnesses at the original trial as to the aggravation or mitigation of the offense is without merit. There is nothing in the common law record disclosing a failure of the trial court to hear the testimony of witnesses on the subject mentioned. The record discloses that evidence was heard. The record need not affirmatively disclose that the court examined witnesses on the plea of guilty. *People* v. *Pennington,* 267 Ill. 45; *People* v. *Schuedter, supra.*

The case of *Gardner* v. *People,* 106 Ill. 76, is cited by defendant's counsel in support of his contention that the court erred in denying the motion to vacate the judgment because the defendant was not properly apprised of his rights. In that case the motion was made during the term. The record itself disclosed a doubt of the defendant's understanding of the court's admonition. The defendant was a German boy who had to converse through an interpreter and had only recently come to this country. In the present case, the defendant was thirty-five years of age and from

the limited record presented there is no evidence that he was under disability. What was said with respect to the recitation in the judgment order prevailing over the affidavit is applicable here.

The order of the circuit court is affirmed.

*Order affirmed.*