(No. 25729.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY C. THON, Plaintiff in Error.

*Opinion filed October 15, 1940—Rehearing denied Dec. 10, 1940.*

ELLIS & WESTBROOKS, (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Harry C. Thon, pleaded guilty in the criminal court of Cook county on January 18, 1939, to the crime of larceny by embezzlement and was sentenced to imprisonment in the penitentiary. On September 9, 1939, plaintiff in error filed a motion to vacate and set aside the judgment of conviction entered on January 18, 1939, and his petition in connection therewith, for leave to withdraw his plea of guilty and to enter a plea of not quilty and to have certain amendments made of the clerk's record evidencing his conviction.

The facts show Thon was an employee of the American Automobile Insurance Company, a corporation, in the capacity of a cashier, handled certain cash and checks, and was indicted for embezzling the sum of $23,971.38. He was given a copy of the indictment on January 17, 1939, the same being general No. 39-108, and, upon arraignment the next day, pleaded guilty. He was asked by the court if he had an attorney and, having none, the court appointed the public defender. An intermission occurred during which he consulted with the public defender, and when he was again arraigned before the court, through his attorney signified his intention of pleading guilty. The court thereupon advised him he had entered a plea of guilty to

indictment No. 39-108, which charged larceny by embezzlement of certain funds from the American Automobile Insurance Company, a corporation, and advised him that upon a plea of guilty he might be sentenced to the penitentiary from one to ten years. The facts were then stipulated in open court showing that, as cashier, he received through the mail certain checks and money orders, and, over the counter, certain quantities of cash that he converted to his own use; that from May, 1938, until January, 1939, he had taken the sum of $23,971.38 and spent it either in entertaining a certain young woman or in seeking to recoup, by various gambling transactions, the money previously converted. After this stipulation of facts was entered the defendant, upon the court's inquiry, told in detail how he became entangled with the young woman, and how she had been blackmailing him into further peculations and the condition of the defendant's family. The court then suggested to the State's attorney that a letter be prepared to the prison authorities, which might be of some benefit upon the question of parole.

In the petition and motion to vacate the judgment the plaintiff in error stated he was thirty-eight years of age; had been a law abiding citizen; that he worked for the insurance company; that he was cashier and office manager, and that he was not guilty of embezzlement; that the money collected in the office was the moneys of two corporations and was commingled in the strong box of both companies in the same office; that other persons besides plaintiff in error had access to the money; that the books were regularly audited; that on January 9, 1939, he was asked by an official of the company to sign a certain paper, the contents not disclosed, in order to collect certain moneys from a bonding company, and was assured nothing would come out of it; that later he was arrested, indicted, and without having an opportunity to employ counsel was arraigned and pleaded guilty; that he was not familiar with court pro-

cedure, did not know the distinction between various crimes, and had no knowledge that he was entitled to have counsel to advise and represent him, or that he had a right to ask for a continuance. He claims he was not advised of his constitutional rights, but admits that, after being arraigned, the court appointed the public defender; alleges the public defender improperly represented him and by his actions showed he was not a proper legal representative, reciting certain legal steps the public defender might have taken, but which it was claimed he did not take, relied upon as showing said public defender was not a competent counsel; that he did not intentionally authorize the public defender to enter a plea of guilty; that if a new trial were granted he would be able to show he was authorized to spend certain moneys for certain superior officers for the entertainment of the said superior officers out of the funds of the companies, and that certain sums of money were used to entertain high officials of other companies at certain places of amusement and entertainment in Chicago, and that no accounting was ever required of the plaintiff in error.

The petition further alleges that the record of the proceedings is improper and incorrect in that it shows that the court made a finding of value, and that it improperly shows that the petitioner was found guilty of larceny by embezzlement, and sets out other objections to the effect the judge did not, at the time of sentence, recite all the things contained in the record of the clerk of the court. The petition has attached to it as an exhibit a transcript of what occurred at the time the plaintiff in error pleaded guilty, and prays for a hearing and the expunging of said unauthorized entries from the common law record, and for permission to change his plea of guilty to not guilty and for a jury trial.

The State's attorney made a motion to strike the petition, and, among other things, raised the point that errors of law in a criminal case can only be corrected by writ of error, and that the motion to vacate in the nature of a writ

of error *coram nobis* did not set out facts justifying relief. The court denied the petition of plaintiff in. error and from such action of the court this writ of error is prosecuted.

The assignments of error are based not only upon the refusal of the court to grant the motion of plaintiff in error to vacate but also upon certain errors of law in the proceeding, which are set forth in the motion and petition to vacate, and not as a separate writ of error to review the judgment.

Two principal questions are presented in the case: First, whether the record should be amended upon the showing made by plaintiff in error; and second, whether the criminal court erred in refusing to vacate the judgment and permit the plaintiff in error to enter a plea of not guilty. All other assignments come within the compass of these two main points.

The plaintiff in error had been committed to the penitentiary and the judgment of the court executed, and the motion to amend was made almost nine months after the entry of the judgment and after the court had lost jurisdiction of the cause. It is a fundamental rule where a final judgment has been rendered in a cause and the term has expired, the court no longer has jurisdiction to change the judgment nor to enter any further order in the cause. (*People* v. *Drysch,* 311 Ill. 342; *People* v. *Lyle,* 329 id. 418; *People* v. *Collins,* 353 id. 468.) This rule does not apply where there is any error in fact that might have been corrected at common law by a writ of error *coram nobis* or upon motion in writing made under section 72 of the Civil Practice act. (*People* v. *Crooks,* 326 Ill. 266.) Errors of law, however, may be corrected only upon writ of error. (*People* v. *Sprague,* 371 Ill. 627.) This eliminates from our consideration the assignments of error made as to the form of the indictment, the ownership of the property, the finding of value of the property, and the contention made that the defendant was found guilty of embezzlement and not larceny by embezzlement, as these involve only questions of law.

Plaintiff in error insists that the motion to vacate in the nature of a writ of error *coram nobis* permits a review of all matters arising in the record as well as errors of fact alleged in motion, but, in *People* v. *Drysch, supra,* it was held such a writ reaches only such facts as constitute the basis of a *coram nobis* proceeding, and not errors upon questions of fact which arise on the trial of the case. In *People* v. *Ogbin,* 368 Ill. 173, it is said the function of the writ of error *coram nobis* is to bring to the attention of the court and to obtain relief upon errors of fact, such as death of either party pending the suit, or infancy, where there was no guardian, or coverture, or insanity, or a valid defense existing in fact but which, without negligence upon the part of the defendant, was not made either through duress, fraud or excusable mistake of such a character that if known in time would have prevented the rendition and entry of the judgment. It is also a fundamental rule that in order to correct errors of law the proper procedure is a writ of error. A motion is not available for that purpose. *People* v. *Sprague, supra.*

With these principles in view the only matter left for consideration is whether the petition of the plaintiff in error presents sufficient facts to bring it within the power of the court to grant relief under section 72 of the Civil Practice act (Ill. Rev. Stat. 1939, chap. 110, par. 196) requiring a vacation of the proceeding. In this respect it is claimed the court erred in not granting a hearing and taking evidence upon the petition to vacate. This is a misconception upon the part of plaintiff in error. After the petition was filed and the motion to strike made, when the cause was called for hearing the court announced "for the purpose of this motion all facts alleged in the petition stand admitted," and when the court rendered its decision upon said motion the court record discloses "and the court hearing the further testimony of witnesses and final arguments, it is ordered by the court," etc., and thereupon the motion was denied. The record clearly discloses that a hearing was had upon

the petition considered as true. The issue on a petition in nature of *coram nobis* may be raised by demurrer, motion or plea. *People v. Crooks, supra.*

The plaintiff in error relies principally upon *People* v. *Long,* 346 Ill. 646, and *People* v. *Crooks, supra,* to support his claim there was sufficient showing of errors in fact to require the court to grant the motion. In the *Long case,* where the writ was granted, the evidence not only showed the defendant had no counsel, but that, at the time the matter came up in court, he was assigned as counsel one who was acting for a co-defendant with adverse interests, who later stated he believed his regular client was telling the truth and that Long was not telling the truth. When the matter came on to be heard the court declined to hear the witnesses or hold a hearing on the petition and the motion. In the *Crooks case,* the evidence was conflicting, and although the court commented that if the showing made by the defendant were taken alone it would justify the awarding of the writ, yet, in view of all of the testimony, he had not made a sufficient showing to overcome the counter-proof upon the part of the People, and the action of the circuit court in denying the writ was affirmed.

In the present case the defendant is of mature years; he knew the details of the charge from the copy of the indictment; he admitted upon his arraignment he had taken the money and spent it upon a woman and in gambling transactions; that he had not made any disclosure because his wife was ill and he did not want to disturb her; that, after counsel was appointed, a recess of an hour or more was taken, and he still persisted in his desire to plead guilty, and, as a matter of fact, in his motion to vacate the judgment he does not deny that he took money and expended it in the manner he narrated at the time of the arraignment. His offer to show his authority to spend money for the entertainment of high officials does not negative his previous statements that he had expended money illegally as

previously disclosed. There is no statement that he did not know all of the matters set forth in the petition at the time of his arraignment, or any excuse for failing to disclose them to his attorney. From a consideration of the entire record we are convinced that the statement made by him in open court reflects the true state of facts, which clearly justified the imposition of the judgment entered by the court.

It is also claimed that the circuit court should have expunged certain recitals from the common law record in the following respects: That it improperly shows there was a finding of value, (the stipulation in open court shows that he converted to his own use $23,971.38,) and that there was no finding of guilty of larceny by embezzlement. (The record shows the court advised him he was pleading guilty to indictment No. 39-108 charging embezzlement of certain funds.) Plaintiff in error had a copy of the indictment No. 39-108 which charged larceny by embezzlement and the mere fact that the court did not use the full legal term in calling attention to the designation of the crime does not justify allowing a motion to vacate the judgment.

There is nothing in the petition of plaintiff in error which would justify expunging anything from the record, and the exhibit attached to the petition, being the stenographer's report of what took place, discloses that the common law record as written up by the clerk is in full accord with what occurred in open court.

Many other points are argued and authorities cited which have been duly considered by the court, but which would not affect the result at which we have arrived.

The judgment of the criminal court of Cook county, refusing to vacate the judgment of conviction, is affirmed.

*Judgment affirmed.*