(No. 26137.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEVI BILLOW, Plaintiff in Error.

*Opinion filed June 13, 1941—Rehearing denied September 15, 1941.*

ELLIS & WESTBROOKS, and JOSEPH J. ATWELL, JR., (RICHARD E. WESTBROOKS, of counsel,) for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Levi Billow, was arraigned in the municipal court of Chicago on July 6, 1939, on an informa-

tion which charged that he knowingly and wilfully did aid and encourage one Marvin Dupont Wilson, a male child under the age of seventeen years to become a delinquent child, contrary to the statute. (Ill. Rev. Stat. 1937, chap. 38, par. 104.) The information was signed by one Bessie Wilson, and purports to have been subscribed and sworn to by her.

The record shows leave to file the information was given; that defendant was present in open court; that the court ordered the bailiff to take him into custody, and that defendant was arraigned and advised by the court of his right to trial by jury; that he pleaded not guilty, waived a trial by jury, and submitted his cause to trial by the court; that after hearing the testimony and arguments of counsel the court found defendant guilty in manner and form as alleged in the information, and sentenced him to serve in the house of correction for one year. On writ of error to the Appellate Court for the First District the judgment of the municipal court was affirmed.

There is no bill of exceptions or report of proceedings. The judgment was entered on July 6, 1939. On February 9, 1940, plaintiff in error made a motion to expunge the judgment of July 6, vacate it, quash the *mittimus* and discharge him. The motion of plaintiff in error raises the following propositions: (1) Whether the information is void because it fails to charge a criminal offense, as required by section 9 of article 2 of the Illinois constitution; that the *mittimus* is illegal and void because issued under an information not under oath, in violation of section 6 of article 2 of the Illinois constitution; and that plaintiff in error has been deprived of his liberty without due process of law, and without being represented by counsel, as guaranteed by the constitution; (2) that the information upon which plaintiff in error was convicted is void because the date of acknowledgment appeared to be long prior to the

date of the offense, which made the information, in substance, an unsworn information, and (3) that the court erred in failing to correct the record to show that plaintiff in error was not represented by counsel, and was prevented from presenting a meritorious defense.

The offense charged was a misdemeanor and the Appellate Court had jurisdiction to pass upon and decide both the second and third assignments of error. The rule has long been settled that if a case is taken to the Appellate Court and errors are assigned of which that court has jurisdiction, the party taking the appeal or suing out the writ of error is deemed to have waived all constitutional questions involved. (*People* v. *Terrill,* 362 Ill. 61; *People* v. *Rosenthal,* 370 id. 244.) This eliminates from consideration the constitutional questions raised by plaintiff in error.

On the point made by plaintiff in error that the information is void, it appears from the record that he was in open court at the time the information was signed and sworn to, and was represented by counsel, and agreed to trial without a jury, and that evidence was heard by the court, all without objection by plaintiff in error. No exception was taken or objection made at that time to the defective dating of the acknowledgment, though doubtless it was subject to objection. (*People* v. *Shockley,* 311 Ill. 255.) Likewise if attention had been called to the error it could have been amended. The insufficiency of the verification did not affect the jurisdiction of the court. Rights guaranteed by the constitution or by law may be waived, such as the right to a jury trial (*People* v. *Fisher,* 340 Ill. 250) or to be confronted by the witnesses. (*People* v. *Schultz-Knighten,* 277 Ill. 238.) So, also, we have held that a defendant may waive the right to have an information sworn to by going to trial without objection. (*People* v. *Duyvejonck,* 337 Ill. 636.) Plaintiff in error, being present in

court when the information was signed by the complainant, and having consented to and gone to trial without making objection that the information was not verified, or verified in the proper manner, waived the right to question it on a motion to vacate made after the court had lost jurisdiction of the cause.

The last point of plaintiff in error that he was not represented by counsel to be advised as to his legal rights is not available to him on this writ of error. The record in the cause shows he was represented by counsel, and to correct the record and attempt to show otherwise would require a proceeding in the nature of a writ of error *coram nobis.* (*People* v. *Ogbin,* 368 Ill. 173.) A proceeding of that nature reaches only the matters that constitute the basis of the *coram nobis* proceeding. (*People* v. *Thon,* 374 Ill. 624; *People* v. *Drysch,* 311 id. 342.) Conversely, since a *coram nobis* proceeding is civil in its nature and stands as a declaration in a new suit (*People* v. *Green,* 355 Ill. 468) it is not properly invoked by motion made in the original suit under the same title as a part of the original criminal proceeding. The point raised is not reviewable on writ of error, as no error of law appears in the record. (*People* v. *Sprague,* 371 Ill. 627; *People* v. *Thon, supra.*) The matter urged under this head cannot be considered as a new proceeding in the nature of a new suit by a motion made in the original proceeding. It follows that a writ of error from the original criminal proceeding does not permit a review of a motion, which attempts, in the same cause, to show facts contrary to the record therein.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*