(No. 30086.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK MEYERS, Plaintiff in Error.

*Opinion filed May 22, 1947.*

Frank Meyers, *pro se.*

George F. Barrett, Attorney General, of Springfield, and Donald M. Eaton, State's Attorney, of Galena, (Clarence E. Soward, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

May 25, 1931, the defendant, Frank Meyers, was indicted in the circuit court of Jo Daviess county for larceny and burglary. On the same day, defendant was arraigned, convicted upon his plea of guilty and sentenced to imprisonment in the penitentiary for a term of from one to fourteen years. Appearing *pro se,* defendant prosecutes this writ of error. As grounds for reversal, defendant contends that the common-law record discloses (1) the court erred in accepting his plea of guilty without fully explaining to him the consequences of such plea and (2) the sentence

imposed was contrary to law. The assignments of error will be considered in reverse order.

The penalty for burglary is imprisonment in the penitentiary for not less than one year or for life, while the penalty for larceny is imprisonment for a term of from one to ten years. (Ill. Rev. Stat. 1945, chap. 38, pars. 84, 389, 802.) At the time of defendant's conviction, it was mandatory, under section 2 of the Sentence and Parole Act then in force (Laws of 1917, p. 354,) that the above sentences of imprisonment be general sentences without any fixed limits or duration except the minimum and maximum provided by law. Manifestly, the sentence of from one to fourteen years was erroneous. The People concede this but argue that the words "for a term of not less than one year nor more than fourteen years," appearing in the judgment order, may be treated as surplusage for the reason that, upon conviction of an offense, the proper penalty prescribed by law is written into the judgment and sentence by operation of law. While it has been repeatedly held that the term fixed by the section of the Criminal Code of, which the defendant stands convicted is read into every judgment, (*People* v. *Pond*, 390 Ill. 237; *People ex rel. Ewald* v. *Montgomery*, 377 Ill. 241,) it is necessary to state in the judgment the name of the crime, or so describe it that it can be identified by the warden or the Parole Board. (*People* v. *Langford*, 392 Ill. 584; *People* v. *Wood*, 318 Ill. 388; *People* v. *Boer*, 262 Ill. 152.) In the case at bar, it is impossible to determine whether the court intended to sentence the defendant for larceny or burglary, or both. The two counts of the indictment arose out of the same transgression and neither was *nolle prossed*. Defendant pleaded "guilty as charged in the indictment." The court did not find defendant guilty of any specific offense. Under the circumstances, the argument of the People is without merit. Defendant was entitled to have the judgment order

correctly entered. *People* v. *Langford,* 392 Ill. 584; *People* v. *Wood,* 318 Ill. 388; *People* v. *Boer,* 262 Ill. 152.

The first assignment of error remains to be considered. Defendant grounds his argument on the statutory requirement that where a party pleads guilty, the plea shall not be entered until the court shall have fully explained to the accused the consequences of his plea. (Ill. Rev. Stat. 1945, chap. 38, par. 732.) The judgment order reads, in pertinent part: "The court admonishes the defendant of the consequences of such a plea but he still persists in said plea of 'Guilty.'" A compliance with the statute must affirmatively appear of record. (*People* v. *Rusk,* 348 Ill. 218; *People* v. *Fulimon,* 308 Ill. 235; *People* v. *Petrie,* 294 Ill. 366.) Defendant concedes that the recital, standing alone, shows a sufficient compliance with the statute to warrant a sentence, (*People* v. *Fuhs,* 390 Ill. 67; *People* v. *Childers,* 386 Ill. 312; *People* v. *Collins,* 353 Ill. 468,) and that it is not necessary for the record to show the particular words of warning. (*People* v. *Farris,* 392 Ill. 267; *People* v. *Williams,* 383 Ill. 348.) Defendant agrees that the recital in the record raises the presumption that the court discharged its duty, (*People* v. *Fuhs,* 390 Ill. 67; *People* v. *Childers,* 386 Ill. 312; *People* v. *Denning,* 372 Ill. 549,) and admits that the presumption can only be overcome by other matters appearing of record. *People* v. *Sprague,* 371 Ill. 627; *People* v. *Blumberg,* 314 Ill. 567; *People* v. *Fulimon,* 308 Ill. 235.

Defendant points out, however, that he was entitled to be informed of the duration of his sentence to the penitentiary, (*People* v. *Moore,* 342 Ill. 316; *Krolage* v. *People,* 224 Ill. 456,) and argues that the presumption the court discharged its duty is overcome and destroyed by the entry of an erroneous sentence of from one to fourteen years where the only sentences which could lawfully be imposed were imprisonment for from one to ten years or

from one year to life. To deny the validity of defendant's contention it is necessary to assume that the court properly warned defendant that it must sentence him, if at all, to either of the above-stated terms but, when the sentence was pronounced some few minutes later, for reasons known only to himself, the trial judge imposed sentence of from one to fourteen years. The more logical assumption is the court admonished defendant that by his plea of guilty he had subjected himself to a maximum imprisonment of from one to fourteen years, whereupon, defendant persisting in his plea, the court imposed the same erroneous sentence as to which it had admonished him. The presumption attaching to a recital in the record that the defendant was duly warned of the consequences of his plea is not conclusive, nor is it so strong that it cannot be overcome by a directly contrary presumption arising out of a totally erroneous sentence. The confusion in the present case is heightened by the fact that the erroneous sentence of from one to fourteen years more nearly approximates the correct sentence for larceny than burglary. It may have been that the court intended to sentence defendant on the larceny count alone. The presumption arising from the entry of the erroneous sentence that the court erred in admonishing defendant as to the consequences of his plea is fortified by the fact that the portion of the indictment charging larceny is fatally defective, not only for failure to allege the value of the goods stolen (*People* v. *Crane,* 356 Ill. 276; *People* v. *Silbertrust,* 236 Ill. 144,) but also for failure to describe the goods stolen in any other language than "divers goods and chattels of the said Marcus A. Gouse." *People* v. *Graves,* 331 Ill. 268.

An analogous case, *People* v. *Corrie,* 387 Ill. 587, involved, among other things, the statutory right of a defendant pleading guilty to have an examination of witnesses in mitigation of the offense, that statutory right

being set forth in the same section of the Criminal Code under consideration in the present cause. (Ill. Rev. Stat. 1945, chap. 38, par. 732.) We held that, in the absence of a showing in a bill of exceptions that such examination was requested, the presumption prevails that the defendant waived a hearing on the subject of mitigation, but where the court erroneously imposes a sentence for an indeterminate instead of a definite term of imprisonment the presumption is overcome and the ends of justice require that, upon remandment for the correction of the erroneous judgment, the defendant may offer witnesses in mitigation. In short, the *Corrie case* held the presumption that the court discharged its duty and that the defendant waived his right to present witnesses in mitigation was conclusively rebutted by the imposition of an erroneous sentence.

*People* v. *Siracusa,* 275 Ill. 457, is not controlling. There, defendants, indicted for murder, entered pleas of guilty and were sentenced to imprisonment "each for the term of his natural life * * * and until discharged by the prison board, as authorized and directed by law." Relief by way of parole was not then available to persons convicted of murder. Defendants asserted that it followed from the erroneous sentence the court could not have properly explained to them the consequences of their pleas. This court held that the sentences were not erroneous, the words in the judgment order pertaining to parole being mere surplusage, and that there was no positive proof in the record that the court erroneously stated the effect of the pleas of guilty. The *Siracusa case* is clearly distinguishable from the case at bar, first, because the sentence was not erroneous, secondly, because the degree of punishment for the offense was discretionary and the permissible penalty of life imprisonment actually appeared in the judgment order, and, thirdly, the parole provisions in the sentence raised only the weakest sort of implication that de-

fendants were improperly admonished. In *People* v. *De-Rosa*, 362 Ill. 161, the factual situation is far from parallel with the extraordinary facts affirmatively appearing of record in the case at hand, and the decision correctly made in the *DeRosa case* is not a bar to our conclusion in this case.

Under the unusual circumstances of the present case, we hold the presumption that the trial court discharged its duty arising from the customary recital in the record that defendant was duly admonished as to the effect of his plea has been overcome and destroyed by the entry of a wholly erroneous sentence. We are impelled to observe in this regard that no one has offered any explanation of the circumstance that defendant was sentenced for a term of from one to fourteen years' imprisonment and, having served sixteen years pursuant to the sentence, is still within the confines of the penitentiary. A determination as to whether the trial court assumed to sentence defendant for larceny or burglary or both would be sheer speculation on our part. If the sentence was intended to be for the crime of grand larceny,—even though this offense was not properly charged in the indictment,—defendant has already served the maximum limit of incarceration and is entitled to be discharged. If the sentence was, instead, for burglary, it was obviously erroneous and cannot stand. The ends of justice require that defendant be accorded the benefit of the doubt created by a manifestly erroneous sentence. After sixteen years, no useful purpose can be served in this cause by a remandment for a new trial. Accordingly, the judgment of the circuit court of Jo Daviess county is reversed and defendant is ordered discharged from custody.

*Judgment reversed and defendant discharged.*