(No. 32172.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* L. B. GULLEY, Plaintiff in Error.

*Opinion filed January 24, 1952.*

L. B. GULLEY, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and RICHARD CARTER, State's Attorney, of Belleville, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, L. B. Gulley, prosecutes this writ of error to review the judgment of the city court of East St. Louis, sentencing him to the penitentiary for a term of one year to life for the crime of burglary and larceny. He contends that the maximum duration of the sentence was in excess of that which should properly have been assessed against him and that the attorney who represented him was incompetent. Appearing in this court *pro se,* he presents only the common-law record.

It is disclosed by the record that plaintiff in error was arraigned on April 18, 1949, and entered a plea of guilty, whereupon the court appointed an attorney to represent

him and continued the cause to the following day. At that time plaintiff in error appeared in court with his attorney, persisted in his plea of guilty to the charge of the indictment, and was sentenced to the penitentiary for a term of not less than one nor more than five years. Three days later, he and his attorney again appeared and filed a motion requesting that the court vacate its sentence and consider plaintiff in error's application for probation. As a result, the court entered the following order: "It is there-. fore ordered that said motion be, and the same is hereby allowed, and the sentence heretofore imposed in this case is vacated, and the application of said defendant for probation is referred to the Probation Officer of this court for investigation and report." On May 5, of the same year, he was released on probation for a period of one year.

Plaintiff in error next appeared in court with his attorney on March 14, 1950. On that occasion a hearing was held, which resulted in a finding that he had violated the terms of his probation, and the court thereupon sentenced him to the penitentiary for a term of not less than one year nor more than life.

The contention is made that the court erred in sentencing plaintiff in error to the term of one year to life, when it had already adjudged that he be sentenced to the penitentiary for a term of one to five years. Plaintiff in error argues that the court was without jurisdiction to sentence him to the longer term and that there was no indictment pending upon which to base the second sentence. A sentence may be vacated in a criminal case during the term at which it was entered or within thirty days thereafter, while the judgment remains unexecuted and the defendant has not begun to serve his sentence. (*People* v. *Ross*, 409 Ill. 599.) In the present case, plaintiff in error made a motion to vacate his sentence within the time required and the court allowed his motion. The effect of the order vacat-

ing the sentence made it a nullity and plaintiff in error stood unsentenced from the date of its entry.

Under the procedure prescribed by section 2 of the Probation Act, (Ill. Rev. Stat. 1949, chap. 38, par. 785,) pronouncement of sentence is suspended where a defendant applies for probation until his application is disposed of. His admission to probation is then within the discretion of the court to whom the application is directed. In the event that probation is granted and there is a subsequent hearing to determine if it should be revoked, section 6 of the Probation Act (Ill. Rev. Stat. 1949, chap. 38, par. 789,) provides that "if the court shall be of the opinion that the interests of justice require the imposition of sentence the same shall then be imposed." When the procedure prescribed by the statute is considered, it will be seen that there is no requirement or necessity that a sentence be pending during the period of probation. If the probationary period proves successful no sentence is entered; if there is a violation of probation which the court, after hearing, determines is sufficient grounds for revocation, then sentence is entered. In considering the foregoing authorities, it is apparent that the trial court had jurisdiction to enter the sentence complained of against plaintiff in error and that its action did not have the effect of imposing punishment at a time when plaintiff in error did not stand charged with an offense.

Plaintiff in error feels that he is entitled to some relief because the sentence which was vacated was not as severe as the one entered after his probation was revoked. The latter sentence, under which he is now serving, is within the limits of the punishment prescribed for the crime of burglary, (Ill. Rev. Stat. 1949, chap. 38, par. 84,) and the trial court had jurisdiction to enter it. Although it is not conclusive in every case, and lies within the discretion of the trial court, we can conceive that a heavier sentence than would normally be given in the first instance will result

where one admitted to probation is guilty of conduct which causes his probation to be revoked and thus aggravates his guilt of the crime for which he stands unpunished. The fairness or adequacy of the proceeding at which plaintiff in error's probation was revoked is not before us, however, and we must conclude, from the record, that the sentence imposed was proper.

As to plaintiff in error's remaining contention that his counsel was incompetent, we need only point to the frequent decisions of this court which have held that the determination of whether an accused has been properly and competently represented by counsel can be made only from an examination of a bill of exceptions. (*People* v. *Clifton,* 408 Ill. 475; *People* v. *Lantz,* 387 Ill. 72; *People* v. *Bertrand,* 385 Ill. 289.) There is no bill of exceptions filed in this case.

The judgment of the city court of East St. Louis is affirmed.

*Judgment affirmed.*