THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CORNELL D. GREEN, Defendant-Appellant.

(No. 61266; 

First District (5th Division)—November 14, 1975.

Price, Cushman, Keck, Mahin & Cate, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal by defendant upon denial of his amended post-conviction petition. He was initially convicted on two charges of armed robbery. When he failed to appear for a hearing in aggravation and mitigation, he was sentenced *in absentia* to terms of 8 to 15 years on each charge, to run concurrently, and a warrant was issued for his arrest. He was apprehended four months later and subsequently his conviction was affirmed on appeal. (*People v. Harris*, 11 Ill.App.3d 53, 295 N.E.2d 553.)[1] Thereafter, defendant filed this petition for post-conviction relief in which he alleges a violation of his constitutional right to counsel as to his sentencing and, for that reason, he asks for a new trial; or, alternatively, that he be granted a hearing to reconsider the sentence imposed upon him.

It appears that a motion to dismiss the petition was denied and that, after a hearing, the trial court denied defendant's petition.

The record discloses that at the time of his sentencing in July, 1971, defendant was absent, and the trial judge made the following statement:

"If Green is apprehended or comes in willingly, voluntarily, and you wish to request the Court to reconsider the sentence that I

---

[1] Harris was indicted with defendant Green; they were tried together and convicted on the same charges. Their separate appeals were consolidated.

have imposed upon him, of course, I want you to do so because there may be something you wish to tell me in mitigation that you are unaware of now that might cause me to impose a different sentence."

At the hearing on his post-conviction petition, defendant testified that after he was taken into custody in November, 1971, he had talked to his trial attorney but the latter did not inform him of the trial judge's statement at the time of sentencing concerning a possible reconsideration of his sentence.

Defendant argues that this failure of his attorney to so advise him when he was returned to custody violated his sixth amendment right to competent representation. His position is stated in his brief as follows:

"In mid-November, 1971, Counsel was in contact with Petitioner. Counsel failed, in spite of the Court's urging, to request the Court to reconsider the sentence imposed upon Petitioner. Moreover, Counsel made no attempt at all to apprise his client of the Court's suggestion leading to a possible mitigation of sentence. Neither Counsel's failure to follow the express urging by the Court nor his failure to assist Petitioner shows the degree of conscientiousness expected of defense lawyers either as officers of the Court or advocates of their client's cause." (Appellant's Brief at 12-13.)

■■ Generally, a constitutional issue not specifically raised in the direct appeal is considered waived unless application of the waiver privilege would result in a "fundamental lack of due process" (*People v. Ashley,* 34 Ill.2d 402, 216 N.E.2d 126) or would be inconsistent with the concept of fundamental fairness (*People v. Keagle,* 37 Ill.2d 96, 224 N.E.2d 834). Here, the issue of competence of counsel was not raised in the direct appeal but, in view of the fact that trial counsel also handled the appeal, we believe this is a situation in which fundamental fairness requires that the waiver principle not be invoked.

There can be no question but that an accused has the right to be represented by counsel (*Gideon v. Wainwright,* 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792, at all critical stages of the proceedings (*Escobedo v. Illinois,* 378 U.S. 478, 12 L.Ed.2d 977, 84 S.Ct. 1758, that sentencing proceedings are a critical stage to which the right attaches (*Mempa v. Rhay,* 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254), and that the right to counsel includes the right to reasonably competent representation. *Mc-Mann v. Richardson,* 397 U.S. 759, 25 L.Ed.2d 763, 90 S. Ct. 1441.

■■ It is the settled law in Illinois that a trial judge is without power to modify a sentence more than 30 days after the sentence has been entered. This rule is based upon section 50 of the Civil Practice Act (Ill.

Rev. Stat. 1967, ch. 110, par. 50), which provides that a valid judgment cannot be set aside by the court that entered it after the expiration of 30 days from the date it was entered. (See generally 23 Ill. L. & Pr. *Judgments* § 163 (1956) and cases therein cited.) The 30-day period is recognized as applying in criminal cases. (*People v. McCloskey*, 2 Ill.App.3d 892, 274 N.E.2d 358.) It has been held that "[t]he final judgment in a criminal case is the sentence." (*People v. Becker*, 414 Ill. 291, 295, 111 N.E.2d 491.) Consequently, section 50 of the Civil Practice Act would apply to preclude a trial judge from modifying the sentence more than 30 days after it had been pronounced.[2]

The principle that the trial court is without jurisdiction to alter a sentence after the statutory term time has expired is consistently supported by the case law. *People v. Weinstein*, 298 Ill. 264, 131 N.E. 631, is squarely on point. In that case, the defendant had been sentenced *in absentia* in 1911. When he was recaptured in 1921, an order was entered purporting to vacate the original sentence and impose a new sentence. The appellate court reversed, holding that the trial court was without jurisdiction to disturb the original sentence after term time had expired. Similarly, in *People v. Sweetland*, 210 Ill.App. 432, 434, it was held that "the court had no jurisdiction at the June term to vacate the judgment of the April term * * *."

A partial listing of the Illinois cases supporting the proposition that a trial court is without power to modify a sentence after the expiration of 30 days includes, an addition to those cases previously cited, *People v. Lance*, 25 Ill.2d 455, 185 N.E.2d 221; *People v. Miller*, 13 Ill.2d 84, 148 N.E.2d 455; *People v. Gulley*, 411 Ill. 228, 103 N.E.2d 650; *People v. Putnam*, 398 Ill. 421, 76 N.E.2d 183, *cert. denied*, 334 U.S. 822, 92 L.Ed. 1751, 68 S.Ct. 1076; *People v. DeLisle*, 374 Ill. 437, 29 N.E.2d 600; *People v. Thon*, 374 Ill. 624, 30 N.E.2d 54; *People v. Sprague*, 371 Ill. 627, 21 N.E.2d 763; *People v. Collins*, 353 Ill. 468, 187 N.E. 450; *People v. Schuedter*, 336 Ill. 244, 168 N.E. 323; *People v. Drysch*, 311 Ill. 342, 143 N.E. 100; *People v. Rudecki*, 309 Ill. 125, 140 N.E. 832; *People v. Wilmot*, 254 Ill. 554, 98 N.E. 973; *People v. McCloskey*, 2 Ill.App.3d 892, 274 N.E.2d 358; *People v. Freeman*, 49 Ill.App.2d 464, 200 N.E.2d 146.

In light of the foregoing authorities, the court's remarks at the time

---

[2] The 30-day limitation upon sentence modification has been recently codified in section 5—8—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(d)). This section provides:

"(d) The court may * * * modify, but shall not increase the length of a sentence by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose."

of sentencing can be considered to have been interpreted by defendant's trial counsel as meaning that if defendant came in voluntarily or was apprehended within 30 days, the court would hear him on matters in mitigation. It must be presumed that defendant's trial counsel was aware that the judge had no power to modify the sentence in mid-November (four months after he was sentenced), when defendant was finally apprehended. Thus, we assume that counsel did not inform him of the judge's remarks because he was aware that it was beyond the power of the trial judge to modify the sentence by the time he was apprehended. Further, it appears that after defendant's return to custody, his trial counsel handled his direct appeal. In this regard, we observe that no contention of inadequacy is raised as to the actual trial or the direct appeal therefrom.

Moreover, we note that he was given a higher sentence than codefendant Harris and, on direct appeal, he contended that the difference was a penalty imposed by the court because of his absence at the time of sentencing. The appellate court upheld the sentence, stating it was apparent from the record that the reason for the difference was because defendant had a record of numerous convictions; whereas, Harris had no record of convictions.

■■ In any event, from our review of the record here, we cannot say that the failure of defendant's trial counsel to inform him that the trial judge *had* been willing to hear from defendant in mitigation fell short of present standards of competence. It appears to us that defendant was not heard in mitigation because he failed to appear for sentencing, a matter beyond the control of his attorney. The subsequent expiration of the 30-day period during which the trial court retained jurisdiction to modify the sentence was also beyond counsel's control. Under such circumstances, the failure to inform defendant after he was apprehended was not a violation of his constitutional right to reasonably competent representation.

We find no error in the denial of defendant's post-conviction petition, and we affirm the order of the trial court.

Affirmed.

BARRETT, P. J., and DRUCKER, J., concur.